Benjamin D. Brown (SBN 202545)
Daniel A. Small (*pro hac vice*)
Daniel McCuaig (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bbrown@cohenmilstein.com
dsmall@cohenmilstein.com
dmccuaig@cohenmilstein.com

Christopher C. Wheeler (SBN 224872)
FARELLA BRAUN + MARTEL LLP
235 Montgomery St., 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com

*Attorneys for Plaintiff Pacific Steel Group*

Bonnie Lau (SBN 246188)
Ian Bausback (SBN 299249)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
blau@mofo.com
ibausback@mofo.com

David Gelfand (pro hac vice)
Mark Leddy (pro hac vice)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave., NW
Washington, D.C. 20037
Telephone: 202.974.1500
Facsimile: 202.974.1999
dgelfand@cgsh.com
mleddy@cgsh.com

*Attorneys for Defendants
COMMERCIAL METALS COMPANY; CMC STEEL FABRICATORS, INC.; and CMC STEEL US, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP, <br><br> Plaintiffs, <br><br> vs. <br><br> COMMERCIAL METALS COMPANY, et al., <br><br> Defendants. | Case No: 4:20-cv-07683-HSG <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Hearing Date: May 10, 2022 <br> Hearing Time: 2:00 p.m. <br> Dept: Courtroom 2, 4th Fl. (remotely) <br> Judge: Hon. Haywood S. Gilliam, Jr. <br> Complaint Filed: October 30, 2020 |

**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**

Pursuant to Civil Local Rule 16-9 and the Court's April 26, 2022 Order, Plaintiff Pacific Steel Group ("Pacific Steel" or "Plaintiff") and Defendants Commercial Metals Company ("CMC"), CMC Steel Fabricators, Inc. d/b/a CMC Rebar ("CMC Rebar"), and CMC Steel US, LLC ("CMC Steel US") (collectively, "Defendants") (collectively with Pacific Steel, the "Parties") hereby submit the following joint statement and Rule 26(f) report.

### 1.     Jurisdiction and Service

This Court has subject matter jurisdiction over the federal antitrust law claims alleged in Counts One through Four pursuant to 28 U.S.C. § 1331 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26. It has supplemental jurisdiction over the state law claims alleged in Counts One, Four, Seven, and Eight pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy and derive from a common nucleus of operative facts as the federal claims alleged in Counts One through Four. The Court has dismissed the state law predatory pricing claims alleged in Counts Five and Six for lack of supplemental jurisdiction, (ECF No 92), and Pacific Steel does not intend to amend its operative complaint or otherwise attempt to revive those claims in this lawsuit. No issues exist regarding personal jurisdiction or venue. Pacific Steel has served Defendants, and no Parties remain to be served.

### 2.     Facts

#### a.     Pacific Steel's Statement

This case is brought to remedy injuries to competition and to Pacific Steel caused by CMC's August 2020 agreement with Danieli Corporation ("Danieli") that blocked Pacific Steel's entry into steel rebar manufacturing in California and surrounding states for over a year. This anticompetitive agreement was reached shortly after CMC learned of Pacific Steel's plan in mid-2020 to construct a Danieli micro mill near Los Angeles to begin manufacturing steel rebar. Danieli is the only company in the world to have built a micro mill, which has the most efficient technology available, and Danieli's micro mill was and is the only commercially viable means by which Pacific Steel (and likely any other potential competitor) can enter the relevant rebar manufacturing market. The CMC-Danieli agreement provides for Danieli to build a micro mill for CMC in Mesa, Arizona, and

prohibits Danieli from building a micro mill for any CMC competitor within a 500-mile radius of Rancho Cucamonga, California (350 miles from Mesa, but quite close to Pacific Steel's planned micro mill site and existing southern California fabrication plants) for 69 months. This territorial restriction blocks entry, reduces competition, and is not justified by any pro-competitive effect, and therefore violates federal and state antitrust laws.

In or around November 2021, Danieli informed PSG that, despite the CMC-Danieli agreement, Danieli would build a micro mill with Pacific Steel in Mojave, California. On April 5, 2022, Pacific Steel announced plans to build the mill, with an anticipated completed commissioning in early 2025. Once operating, the mill will have the capability to produce around 380,000 tons of steel rebar per year, substantially increasing capacity and competition in the relevant rebar manufacturing market. Pacific Steel seeks injunctive relief and damages, including the increased costs and lost profits caused by the delay in building its micro mill, for the harms caused by CMC's unlawful conduct.

The principal factual issues in dispute are:

i. The relevant geographic market for rebar manufacturing;

ii. CMC's monopoly power in the relevant rebar manufacturing market, and its market power in the relevant rebar Furnish-and-Install market;

iii. The competitive effects of the territorial restriction in the CMC-Danieli agreement; and

iv. Whether there were other commercially viable means of entry into the relevant rebar manufacturing market besides the Danieli micro mill;

**b.      Defendants' Statement**

Defendants contend that the Amended Complaint ("Complaint") fails to state a claim for relief against Defendants. Pacific Steel's antitrust conspiracy and monopolization claims are based on a territorial restriction in a legitimate and procompetitive steel mill construction contract between a supplier, Danieli, and its customer, CMC. Danieli builds steel mills and only competes in a steel factory construction market. Danieli does not compete in the purported rebar manufacturing market (or the furnish-and-install market). Pacific Steel is a rebar furnish-and-install company that

purchases rebar from manufacturers, including CMC.

The great majority of rebar mills in the world and in the U.S. are "mini mills," not mills of the type at issue in this case, which are known as "micro mills." *See* Complaint ¶¶ 20, 47, 51, 52. Rebar produced in micro mills is no different from rebar produced in mini mills, and the Complaint acknowledges that operators of mini mills "can quickly adjust production levels in response to market demand." *Id.* ¶ 50. Mini mills likewise "can operate more efficiently at lower volumes than integrated mills." *Id.* ¶ 51. There are many suppliers of rebar, including numerous U.S. manufacturers of rebar and manufacturers in other countries that import rebar into the U.S. and California. *Id.* ¶¶ 34, 84, 85.

Pacific Steel alleges that in 2009, CMC hired Danieli to help CMC build the world's first micro mill in Mesa, Arizona. Complaint ¶ 52. CMC is indisputably one of the pioneers in this technology, and has invested enormous sums in developing and improving the technology that makes them run. Micro mills are similar to mini mills but eliminate an intermediate step involving the production of semi-finished products known as steel billets that must be reheated before being rolled into rebar. *Id.* ¶ 53. Several years after building its Mesa mill, CMC hired Danieli to assist with a second micro mill, this one in Durant, Oklahoma. *Id.* ¶ 59.

In August 2020, CMC announced that it would build a third micro mill, also in Mesa, Arizona, again with Danieli. Complaint ¶ 60. The contract for this third mill includes the provision at issue in this case. This provision allegedly limits Danieli's ability to work on a micro mill using "MIDA technology," which stands for micro-mill Danieli, for other rebar manufacturers within 500 miles of CMC's mill at Rancho Cucamonga, California, for a period of 69 months. This restriction does not limit Pacific Steel's ability to engage Danieli to construct other types of competing mills (such as a mini mill), its ability to engage Danieli to build a micro mill outside the 500-mile radius, or its ability to purchase any type of mill from anyone other than Danieli within or outside the 500-mile radius. The Complaint acknowledges that "[b]uilding a steel mill, even a smaller and less expensive micro mill, takes years and costs hundreds of millions of dollars" and involves satisfying "significant business and environmental regulations." *Id.* ¶ 134.

Pacific Steel's federal antitrust claims are defective for numerous reasons. Defendants will

1 show that CMC does not possess monopoly or market power in a properly defined relevant market,
2 Pacific Steel and other competitors were not foreclosed from the relevant market, there was no
3 corresponding reduction in output, increase in prices, or reduction in quality, and there were
4 legitimate justifications for the contract restriction at issue. As this Court observed, Pacific Steel's
5 definition of the relevant geographic market is particularly suspect, as it seeks "to exclude *the*
6 *majority* of rebar supplying it." ECF No. 92 at 14 ("This unusually narrow market warrants
7 skepticism."). Pacific Steel also fails to show harm to competition from the contract restriction at
8 issue and thus lacks antitrust standing.

9       Pacific Steel's derivative claims under California law also fail. Pacific Steel's Unfair
10 Competition Law claim fails because there was no "unlawful" or "unfair" conduct, and there is no
11 basis to recover restitution. Pacific Steel's interference claim fails because there was no unlawful
12 conduct or an economic relationship with the probability of future economic benefit.

13       **3.**     **Legal Issues**
14           **a.**     **Pacific Steel's Statement**

15       Additional legal issues may emerge through discovery, and Pacific Steel reserves the right to
16 modify its position on these points as further information becomes available. At this time, the legal
17 issues in this case include:

18       i.     Whether, through the 500-mile/69-month territorial restriction, CMC and Danieli
19            entered into a contract, combination, or conspiracy that has or will unreasonably
20            restrain trade in violation of Section 1 of the Sherman Act and Section 16720 of the
21            Cartwright Act;
22      ii.    Whether CMC has violated Section 2 of the Sherman Act by monopolizing or
23            attempting to monopolize the relevant manufacturing market through the territorial
24            restriction;
25     iii.    Whether, through the territorial restriction, CMC and Danieli have conspired to
26            monopolize the relevant rebar manufacturing market in violation of Sections 1 and 2
27            of the Sherman Act and Section 16720 of the Cartwright Act;
28     iv.    Whether CMC's anticompetitive behavior as alleged in the Complaint violates the

California Unfair Competition Law, California Business & Professions Code §§ 17200 et seq.;

v. Whether, through the territorial restriction, CMC has interfered with Pacific Steel's prospective economic advantage in violation of California common law by disrupting Pacific Steel's plan to contract with Danieli to build a micro mill;

vi. Whether the territorial restriction should be invalidated by this Court;

vii. Whether Pacific Steel should be awarded damages, treble damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and restitution for the harm to Pacific Steel caused, and that will be caused, by the alleged unlawful conduct.

### b. Defendants' Statement

The following legal issues are currently in dispute:

i. Whether Pacific Steel's claims for monopolization, attempted monopolization, and conspiracy to monopolize fail because CMC does not possess monopoly power in a properly defined market.

ii. Whether Pacific Steel's claims for attempted monopolization and conspiracy to monopolize fail because CMC did not have a specific intent to monopolize and the contract restriction at issue did not create a dangerous probability of monopolization.

iii. Whether Pacific Steel's claim for conspiracy to restrain trade fails because there was no per se violation of the antitrust laws and no harm to competition in a properly defined market.

iv. Whether all of Pacific Steel's Sherman Act claims fail for lack of antitrust standing because there was no antitrust injury or harm to competition.

v. Whether Pacific Steel's Cartwright Act claims fail for the same reasons as its Sherman Act claims.

vi. Whether Pacific Steel's claim under California's Unfair Competition Law fails for the same reasons the Sherman Act and other claims fail, because there was no unlawful or unfair business practice, and there is no basis for restitution.

vii. Whether Pacific Steel's claim for interference with prospective economic advantage

fails because there was no unlawful conduct or an economic relationship with the probability of future economic benefit.

**4.     Motions**

On May 21, 2021, the Court granted Defendants' motions to dismiss the original complaint with leave to amend.  (ECF No. 74.)

On April 26, 2022, the Court granted in part and denied in part Defendants' motion to dismiss the Amended Complaint.  (ECF No. 92.)  The Court dismissed Plaintiff's state law predatory pricing claims (Counts Five and Six) and otherwise denied the motion.  (ECF No. 92.)  No motions are currently pending before the Court.

Further motion practice, including motions for summary judgment, may become necessary as the case develops.

**5.     Amendment of Pleadings**

The Parties propose that any further amendment of pleadings be governed by Fed. R. Civ. P. 15.

**6.     Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. All Parties have assured the others that they have taken and agreed to continue such steps.

**7.     Disclosures**

Pacific Steel fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26 by making its initial disclosures on February 1, 2021.

Defendants did not serve initial disclosures on February 1, 2021, in view of the then-pending motion to dismiss the complaint and motion to stay discovery.  In light of the Court's April 26, 2022 order, Defendants are preparing to serve their Rule 26(a) initial disclosures on May 17, 2022.

**8.     Discovery**

**a.     Discovery Taken to Date and the Scope of Anticipated Discovery**

The only discovery undertaken so far in this action has been Pacific Steel's submission of

initial disclosures on February 1, 2021.

### b.     Proposed Limitations or Modifications of the Discovery Rules

The Court granted the Parties' proposed protective order on April 28, 2021.  (ECF No. 73.)

#### i.     Pacific Steel's Statement

Pacific Steel proposes that the Parties be allowed 15 depositions per side. Pacific Steel reserves the right to amend this proposal once Defendants make their initial disclosures.

#### ii.     Defendants' Statement

Defendants expect this case to involve routine discovery that should not exceed the standard limits for interrogatories and depositions under the Federal Rules of Civil Procedure.

### c.     Proposed Discovery Plan

The Parties propose the following Pre-Trial Schedule:

| Date: | Event: |
| --- | --- |
| May 17, 2022 | Defendants file Answer and make initial disclosures pursuant to Fed. R. Civ. P. 26(a) |
| March 3, 2023 | Fact Discovery Cutoff |
| March 10, 2023 | Plaintiff's Opening Expert Reports Due |
| April 7, 2023 | Last Day for Defendants to Depose Plaintiff's Experts |
| April 7, 2023 | Defendants' Opening Expert Reports Due |
| May 5, 2023 | Last Day for Plaintiff to Depose Defendants' Experts |
| May 5, 2023 | Plaintiff's Reply Expert Reports Due |
| May 26, 2023 | Last day for the Parties to file dispositive motions |
| May 26, 2023 | Last day for the Parties to file objections to experts (i.e., Daubert and similar motions) |
| July 2023, or as soon thereafter as is convenient for the Court | Hearing of Dispositive Motions |

| | |
|---|---|
| <u>Plaintiff</u>:  September 2023, or as soon thereafter as is convenient for the Court<br><br><u>Defendants</u>:  Four months after date of Court's ruling on dispositive motions, or as soon thereafter as is convenient for the Court | Pretrial Conference |
| <u>Plaintiff</u>:  October 2023, or as soon thereafter as is convenient for the Court<br><br><u>Defendants</u>:  Six months after date of Court's ruling on dispositive motions, or as soon thereafter as is convenient for the Court | Trial |

## 9.      Class Actions

This case is not a class action.

## 10.      Related Cases

This case is not related to any other.

## 11.      Relief

### a.      Pacific Steel's Statement

Pacific Steel requests the following relief in this action: (i) an injunction against enforcing the territorial restriction in the CMC-Danieli agreement; (ii) an award to Pacific Steel of treble damages—with damages measured as increased costs, lost profits, and diminished business value—reasonable attorneys' fees, costs, expenses, and such further relief as the Court deems just and proper; and (iii) restitution for CMC's unjust enrichment from unlawfully increased profits earned from rebar sales to Pacific Steel.

### b.      Defendants' Statement

Defendants dispute they are liable to Pacific Steel for any damages or other relief.  If liability is established, damages expert(s) would likely be required to calculate damages, if any.

## 12.      Settlement and ADR

The Parties have complied with ADR Local Rule 3-5.  No formal ADR has taken place.  The Parties are exploring the possibility of private mediation.

**13.    Consent to Magistrate Judge For All Purposes**

The Parties did not agree to the jurisdiction of the Magistrate Judge for all purposes.

**14.    Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

To date, the Parties have not agreed on any issues that can be narrowed.  The Parties may file at a later date one or more motions for summary judgment, or other dispositive motions, seeking to narrow the issues in this case.

**16.    Expedited Schedule**

The Parties do not believe that this case is suitable for handling on an expedited basis.

**17.    Scheduling**

The parties propose the dates set forth in the respective pre-trial schedules above.

**18.    Trial**

Pacific Steel has demanded, pursuant to Federal Rule of Civil Procedure 38(b), a trial by jury on all issues triable of right by a jury.  Reserving the right to modify this estimate after seeing Defendants' initial disclosures and taking discovery, Pacific Steel estimates that trial in this case will take approximately 50 hours.

Defendants propose a ten-day trial.

**19.    Disclosure of Non-party Interested Entities or Persons**

    **a.    Pacific Steel's Statement**

Pacific Steel has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 (Dkt. No. 4).  Pacific Steel is unaware of any persons, firms, partnerships, corporations (including parent corporations) or other entities, other than the named Parties, that have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

    **b.    Defendants' Statement**

Defendants have each filed a Certification of Interested Entities or Persons pursuant to Civil

1  Local Rule 3-15.  (ECF Nos. 15, 27.)

2        Defendant Commercial Metals Company ("CMC") disclosed that it has no parent corporation

3  and that BlackRock, Inc. and The Vanguard Group each own 10% or more of CMC's stock.

4  Defendant CMC Steel Fabricators, Inc. disclosed that it is a wholly owned subsidiary of CMC.

5  Defendant CMC Steel US, LLC disclosed that it is a wholly owned subsidiary of CMC.

6       **20.**     **Professional Conduct**

7        Undersigned counsel certifies that all attorneys of record for the Parties have reviewed the

8  Guidelines for Professional Conduct for the Northern District of California.

9       **21.**     **Other**

10        The Parties are not aware of other matters that may facilitate the resolution of this matter.

11

12

FARELLA BRAUN + MARTEL LLP

13

/s/ Christopher C. Wheeler_____

14

Christopher C. Wheeler
15  *Attorneys for Plaintiff Pacific Steel Group*

16

17

18

19
MORRISON & FOERSTER LLP
20
/s/ Bonnie Lau _____
21  Bonnie Lau

22  *Attorneys for Defendants*
*COMMERCIAL METALS COMPANY;*
23  *CMC STEEL FABRICATORS, INC.;*
*and CMC STEEL US, LLC*
24

25

26

27

28

# E-FILING ATTESTATION

I, Christopher C. Wheeler, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above have concurred in this filing.