UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMMERCIAL METALS COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 4:20-cv-07683-HSG<br><br>**JOINT STIPULATION AND ORDER REGARDING THE DISCLOSURE AND NON-DISCLOSURE OF CERTAIN INFORMATION TO EXPERTS AND CONSULTANTS** |

Pursuant to Civil Local 7-12, Plaintiff and Defendants (the "Parties"), by and through their undersigned counsel, hereby respectfully request that the Court enter the Parties' stipulation regarding the scope of discovery and testimony relating to all experts (testifying and non-testifying) and consultants, set forth below to govern expert discovery in the above-captioned case. Undefined terms shall have the same meaning as in the Protective Order entered in this action. In the event of a conflict with any provision of the Protective Order, the provisions of this Order will control.

1.　Any expert or consultant, including but not limited to trial consultants, graphic or audiovisual consultants, industry experts, and economic experts, shall be provided with a copy of the Protective Order and this Order and shall execute a copy of the Declaration of Compliance (Exhibit A to this Order) confirming the expert's or consultant's agreement to be bound by the terms of the Protective Order and this Order. Counsel for the Party or Parties retaining such expert or consultant shall retain the original Declaration of Compliance.

2.　No subpoena need be served on an individual based on his or her role as a testifying expert. Instead, the Party or Parties retaining such testifying expert shall make information available in accordance with Federal Rule of Civil Procedure 26(a)(2) and this Order and shall make a testifying expert available for deposition at a time mutually agreed to by the Parties or ordered by the Court.

Joint Stipulation and Order Regarding
Disclosure and Non-Disclosure of Certain
Information to Experts and Consultants　　　　2　　　　Case No. 4:20-cv-07683-HSG

1        3.      Within four (4) business days of service of an expert report, declaration, or affidavit, the Party submitting such report, declaration, or affidavit shall produce the data, documents, and other information relied upon by the expert witness as a basis for the expert witness's opinions. "[D]ata, documents and other information relied upon" shall include, but are not limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells), statistical analyses, regression analyses, input and output files, computer code, and other sources, reports, schedules, literature, or websites if relied upon by the expert as a basis for his or her opinion. Such production shall be sufficient for the opposing Parties and experts to reconstruct and verify the expert's work, calculations, and analyses, and shall include any instructions and guides necessary to assist in that effort. The producing Party also shall answer reasonable technical inquiries about data or code. Bates-numbered documents previously produced by a Party and documents that are publicly available need not be produced, but a list of any such documents (and, for publicly available documents, instructions on how to retrieve them) shall be included in, or as an attachment to, the report.

         4.      Except to the extent relied on by the expert as a basis for his or her opinions, the Parties agree that the following categories of information, whether in documents, communications, or other forms, are not discoverable and need not be disclosed by any Party, and, except as provided by paragraph five (5), below, an expert may not be examined at deposition, hearing, or trial on the contents of the categories of information in these categories:

                a.      the content of communications among and between (i) counsel, including any legal assistant, secretary, clerical help, or other person working under the direction of counsel, on one hand, and a testifying expert, the testifying expert's staff, assistants, or clerical help, or supporting firms, on the other hand; (ii) counsel, including any legal assistant, secretary, clerical help, or other person working under the direction of counsel, on one hand, and a non-testifying expert or consultant, the non-testifying expert's or consultant's staff, assistants, or clerical help, or supporting firms, on the other hand; (iii) the testifying expert and his or her staff, assistants, or clerical help, or supporting firms; (iv) the testifying expert, on one hand, and other testifying experts or non-testifying experts or consultants, their staff, assistants, or

Joint Stipulation and Order Regarding
Disclosure and Non-Disclosure of Certain
Information to Experts and Consultants                    3                    Case No. 4:20-cv-07683-HSG

clerical help, or supporting firms, on the other hand; (v) non-testifying experts or consultants and their staff, assistants, or clerical help, or supporting firms; (vi) non-testifying experts or consultants, on one hand, and testifying experts or non-testifying experts or consultants, their staff, assistants, or clerical help, or supporting firms, on the other hand; or (vii) the staffs, assistants, or clerical help of a testifying or non-testifying expert or consultant and the staffs, assistants, or clerical help of other testifying or non-testifying experts or consultants;

      b.    any notes, drafts, written communications, or other records prepared by or for a testifying or non-testifying expert or consultant or their staff, assistants, or clerical help in connection with this matter (aside from any written expert reports and notes generated while testifying), including (i) preliminary work created by or for testifying or non-testifying experts or consultants; and (ii) copies of materials produced by any Party bearing the notes, markings, or comments of a testifying or non-testifying expert consultant, or their staff, assistants, or clerical help, or attorneys for the Party or Parties;

      c.    any drafts of reports, declarations, affidavits, or other expert materials, including, without limitation, draft studies, analyses, opinions, or written expert testimony in or for this litigation; draft work papers prepared in connection with this litigation; preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with this litigation; or other draft materials prepared by, for, or at the direction of a testifying expert witness or a non-testifying expert or consultant, regardless of the form in which the draft is recorded;

      d.    any comments, whether oral or written, related to a report, declaration, or affidavit or draft report, declaration, or affidavit of a testifying expert prepared in connection with this litigation by (i) counsel for a Party retaining the testifying expert; (ii) counsel working with counsel for a Party retaining the testifying expert; (iii) any testifying expert's staff, assistants, or clerical help, or supporting firms; (iv) a non-testifying expert or consultant; (v) a non-testifying expert's or consultant's staff, assistants, or clerical help, or supporting firms; (vi) any other testifying expert; or (vii) any other testifying expert's staff, assistants, or clerical help, or supporting firms;

Joint Stipulation and Order Regarding
Disclosure and Non-Disclosure of Certain
Information to Experts and Consultants    4    Case No. 4:20-cv-07683-HSG

        e.    any information concerning fees paid or to be paid to experts or consultants, with the exception of (i) a testifying expert's hourly rate, (ii) total hours personally billed by a testifying expert in this litigation, and (iii) any other consideration or compensation received or to be received by a testifying expert or firm by which they are employed or with which they are affiliated that received payment for work done in this litigation. For the avoidance of doubt, invoices submitted by experts or consultants shall not be discoverable.

5.    Notwithstanding the immediately preceding paragraph, but without altering it, examination in deposition and at hearings and trial shall be permitted on alternative analyses, methodologies, or approaches to issues on which an expert is testifying, regardless of whether the expert considered them in forming the expert's opinions.

6.    Except as provided under Federal Rule of Civil Procedure 26(b)(4)(D), no Party may, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained by another Party in anticipation of this litigation or to prepare for trial in this matter and who is not expected to be called as a witness at trial, without the express written consent and authorization of the Party employing such expert.

7.    Nothing in this Order shall limit or waive any Party's rights to object for any reason to the admission of any opposing Party's expert testimony into evidence or to the qualification of any person to serve as an expert witness.

By:    */s/ Christopher C. Wheeler*
Christopher C. Wheeler
Farella Braun + Martel LLP
235 Montgomery Street
San Francisco, CA 94104
cwheeler@fbm.com

*Counsel for Plaintiff, Pacific Steel Group*

Joint Stipulation and Order Regarding
Disclosure and Non-Disclosure of Certain
Information to Experts and Consultants     5    Case No. 4:20-cv-07683-HSG

| | | |
|---|---|---|
| 1 | By: | */s/ Benjamin Doyle Brown* |
| 2 | | Benjamin Doyle Brown |
| | | Daniel McCuaig |
| 3 | | Daniel A. Small |
| | | Cohen Milstein Sellers & Toll, PLLC |
| 4 | | 1100 New York Avenue, N.W. |
| | | Suite 500, East Tower |
| 5 | | Washington, DC 20005-3964 |
| | | Email: bbrown@cohenmilstein.com |
| 6 | | Email: dmccuaig@cohenmilstein.com |
| | | Email: dsmall@cohenmilstein.com |
| 7 | | *Counsel for Plaintiff, Pacific Steel Group* |

By: */s/ David Owen Fisher*
David Owen Fisher
Cohen Milstein Sellers and Toll PLLC
88 Pine Street
14th Floor
New York, NY 10005
Email: dfisher@cohenmilstein.com

*Counsel for Plaintiff, Pacific Steel Group*

By: */s/ Bonnie Lau*
Bonnie Lau
Ian Kiely Bausback
David Grothouse
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
Email: blau@mofo.com
Email: ibausback@mofo.com
Email: dgrothouse@mofo.com

*Counsel for Defendants, Commercial Metals Company, CMC Steel US, LLC, and CMC Rebar West*

Joint Stipulation and Order Regarding
Disclosure and Non-Disclosure of Certain
Information to Experts and Consultants     6

Case No. 4:20-cv-07683-HSG

| | | |
|---|---|---|
| 1 | By: | */s/ Steven Bizar* |
| 2 | | Steven Bizar |
| | | Agnese Nadalini |
| 3 | | David Costigan |
| | | Dechert, LLP |
| 4 | | 2929 Arch Street |
| | | Cira Center |
| 5 | | Philadelphia, PA 19104 |
| | | 215-994-2205 |
| 6 | | Email: steven.bizar@dechert.com |
| | | Email: agnese.nadalini@dechert.com |
| 7 | | Email: david.costigan@dechert.com |
| 8 | | *Counsel for Defendants, Commercial Metals Company, CMC Steel US, LLC, and CMC Rebar West* |
| 9 | | |
| 10 | By: | */s/ Shari Ross Lahlou* |
| | | Shari Ross Lahlou |
| 11 | | Nathan Richardson |
| | | Dechert LLP |
| 12 | | 1900 K Street, NW |
| | | Washington, DC 20006 |
| 13 | | (202) 261-7923 |
| | | Email: shari.lahlou@dechert.com |
| 14 | | Email: nathan.richardson@dechert.com |
| 15 | | *Counsel for Defendants, Commercial Metals Company, CMC Steel US, LLC, and CMC Rebar West* |
| 16 | | |

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED** that this stipulation shall govern the Parties in the Litigation.

Dated: 8/23/2022

_____
The Honorable Haywood S. Gilliam, Jr.
United States District Judge

**<u>ATTESTATION</u>**

Pursuant to Civil Local Rule 5.1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  August 22, 2022                                                    */s/ Bonnie Lau*
                                                                                        Bonnie Lau

Joint Stipulation and Proposed Order Regarding
Disclosure and Non-Disclosure of Certain
Information to Experts and Consultants          8          Case No. 4:20-cv-07683-HSG

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMERCIAL METALS COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 4:20-cv-07683-HSG<br><br>**DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER AND ORDER GOVERNING THE DISCLOSURE AND NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES** |

　　　I, the undersigned, hereby acknowledge that I have read both the governing Protective Order(s) and the Order Governing the Disclosure and Non-Disclosure of Certain Information Regarding Expert Witnesses entered in this action, understand the terms thereof, agree to be bound by such terms and agree to be subject to the jurisdiction of said Court in all matters relating to said Orders. I acknowledge that I will treat all information designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" strictly in accordance with the terms and conditions of these Orders, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

　　　Dated:

_____
Signature

_____
Print Name

_____
Address

_____

_____