1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PACIFIC STEEL GROUP, | Case No. 4:20-cv-07683-HSG |
| Plaintiff, | |
| v. | **STIPULATION AND AMENDED PROTECTIVE ORDER** |
| COMMERCIAL METALS COMPANY; CMC STEEL FABRICATORS, INC. d/b/a CMC REBAR; CMC STEEL US, LLC, | |
| Defendants. | |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Amended Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Amended Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The Parties reserve the right, based on the documents produced by the other Parties, to seek permission for one or more designated business persons to review documents produced by other Parties and designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" subject to an agreed-upon or Court-ordered protocol.  The Parties also reserve the right to seek permission to have past employees of a Party or of a Party's competitor be deemed an "Expert" who may review documents produced by Parties and designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in accordance with this Order, notwithstanding clause (2) of paragraph 2.7 below.

2.      DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

Civil Procedure 26(c), or other information or tangible things required by non-disclosure agreement or other contractual obligation to be kept confidential.

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel:  House Counsel designated by a Party to receive, in accordance with the terms of this Order, information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Each Party may designate only one Designated House Counsel.

2.5     Designating Party or Non-Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and (2) is not a past, current, or anticipated employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"

Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party, including its Designated House Counsel, would create a substantial risk of serious harm that could not be avoided by less restrictive means. A Party or Non-Party may designate information or items as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."  A Party may designate only information or items in the following categories as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY":

1.    (a) non-public, proprietary technical or engineering specifications (e.g., mill blueprints, schematics, plans, dimensions, layouts, drawings, pictures, renderings, and configurations) and communications about mill design decisions;

2.    (b) non-public information about scrap infeed conveyor modifications, electronic arc furnace (EAF) burner modifications and controls, EAF power programs, use of alternative energy sources, environmental control technology, scrap and product mixes, scrap loading process, scrap feed rates, casting speeds, consumable information (energy, alloys, natural gas, electrodes, mill rolls, etc.), oxygen and natural gas practices, injection carbon practices, slag practices, ladle chemistries and management, and steel grade chemistries;

3.    (c) current and future strategic plans and market and competitive analyses (e.g., forward-looking strategy documents and presentations, feasibility studies, budgets and budget proposals, CAPEX/capital plans and requests, board presentations on strategy, business plans and business plan reviews, growth and sales targets, and production simulations);

4.    (d) raw sales, cost, customer, production, inventory, mill runtime, purchase, shipping, and vendor data and written summarizations or analyses of such data;

5.    (e) operations reports, mill cost reports, and cost comparisons summarizing raw data.

2.12     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14     Producing Party or Non-Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

2.17     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party or Non-Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, communications, discovery responses, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party or Non-Party. Any use of Protected Material at trial shall be governed by a

separate agreement or order; provided, however, that to the extent any Party anticipates possible use of Protected Material designated by a Non-Party at trial, (a) any agreement regarding such use must include the consent of the Designating Non-Party and (b) the Parties shall provide the Designating Non-Party with at least 30 days' notice and an opportunity to be heard in connection with the seeking of an order from the Court permitting such use.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party or Non-Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or (if not re-filed by the deadline) without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical and not unduly burdensome to do so, the Designating Party or Non-Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party or Non-Party to sanctions.

If it comes to a Designating Party or Non-Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of

1  protection initially asserted, that Designating Party or Non-Party must promptly notify all other

2  Parties that it is withdrawing the mistaken designation.

3       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

4  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

5  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

6  designated before the material is disclosed or produced.

7       Designation in conformity with this Order requires:

8       (a)  for information in documentary form (e.g., paper or electronic documents, but

9  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

10  or Non-Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

12  EYES ONLY" to each page that contains protected material. If only a portion or portions of the

13  material on a page qualifies for protection, the Producing Party or Non-Party also must clearly

14  identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

15  specify, for each portion, the level of protection being asserted.

16       A Party or Non-Party that makes original documents or materials available for inspection

17  need not designate them for protection until after the inspecting Party has indicated which material

18  it would like copied and produced. During the inspection and before the designation, all of the

19  material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

21  copied and produced, the Producing Party or Non-Party must determine which documents, or

22  portions thereof, qualify for protection under this Order. Then, before producing the specified

23  documents, the Producing Party or Non-Party must affix the appropriate legend

24  ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

25  "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY") to each page that

26  contains Protected Material. If only a portion or portions of the material on a page qualify for

27  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

28  OUTSIDE COUNSEL'S EYES ONLY" protection, the Producing Party or Non-Party also must

clearly identify the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party or Non-Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party or Non-Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to provisionally designate the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," and have up to 28 days after receipt of the certified transcript of the deposition (or hearing or other proceeding) to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 28 days shall be covered by the provisions of this Stipulated Amended Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 28 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," but this alternative procedure shall not apply to portions of the transcript a Designating Party wishes to designate "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," which portions shall be designated specifically.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

1    EYES ONLY."

2           When a document or other material designated as "CONFIDENTIAL," "HIGHLY

3    CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE

4    COUNSEL'S EYES ONLY" is introduced as an exhibit, counsel introducing such exhibit shall

5    advise the court reporter that the exhibit is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

7    ONLY" pursuant to this Stipulated Amended Protective Order. Transcripts containing Protected

8    Material shall have an obvious legend on the title page that the transcript contains Protected

9    Material, and the title page shall be followed by a list of all pages (including line numbers as

10   appropriate) that have been designated as Protected Material and the level of protection being

11   asserted by the Designating Party or Non-Party. The counsel introducing such exhibit shall be

12   responsible for informing the court reporter of these requirements and for ensuring that they are

13   followed. Unless otherwise agreed, any transcript that is prepared before the expiration of a 28-day

14   period for designation shall be treated during that period as if it had been designated "HIGHLY

15   CONFIDENTIAL – ATTORNEYS' EYES ONLY," but if a document or other material designated

16   "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" is introduced as an exhibit

17   in its entirety, the transcript prepared before the expiration of a 28-day period for designation shall

18   be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE

19   COUNSEL'S EYES ONLY."  After the expiration of the 28-day period, the transcript shall be

20   treated only as actually designated.

21              (c)  for information produced in some form other than documentary and for any

22   other tangible items, that the Producing Party or Non-Party affix in a prominent place on the

23   exterior of the container or containers in which the information or item is stored the legend

24   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

25   "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." If only a portion or

26   portions of the information or item warrant protection, the Producing Party or Non-Party, to the

27   extent practicable, shall identify the protected portion(s) and specify the level of protection being

28   asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party or Non-Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the information or material is treated in accordance with the provisions of this Stipulated Amended Protective Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party or Non-Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party or Non-Party, through its Outside Counsel of Record, of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Amended Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party or Non-Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party or Non-Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention for Challenges to Party Designations</u>.  If the Parties cannot resolve a challenge to the designation of a Party document without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

---

[1] After any Party makes three (3) separate challenges to a Designating Party's confidentiality designations that have been rejected (in whole or in substantial part) by the Court, the burden to file a motion shall shift to the Challenging Party for any additional challenges, to avoid abuse of the process. Failure by the Challenging Party to make such a motion including the required declaration within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later, shall automatically waive the challenge to each confidentiality designation. The burden of persuasion remains on the Designating Party.

6.4   <u>Judicial Intervention for Challenges to Non-Party Designations</u>.  If a Non-Party and one or more Parties cannot resolve a challenge to the designation of a Non-Party document without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding Section 6.2.

The burden of persuasion in any such challenge proceeding regarding Non-Party documents shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Non-Party's designation until the court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party or Non-Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) as well as their staff, of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  mediators and their staff who are engaged in mediation or alternative dispute resolution with the Parties and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f)  persons or entities that provide litigation support services retained by a Party or a Party's Outside Counsel of Record, including but not limited to court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or Non-Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be identified as such by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Amended Protective Order; and

(h)  the author, addressees, or recipients of a document containing the information or a custodian or other person who otherwise possessed, would have likely reviewed, or knew the information, or who is specifically identified in the document.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party or Non-Party, a Receiving Party may disclose any information or item

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  Experts (as defined in this Order) as well as their staff, of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5, below, have been followed;

(c)  Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), and (4) whose name has been disclosed to the Designating Party or Non-Party;

(d)  the court and its personnel;

(e)  mediators and their staff who are engaged in mediation or alternative dispute resolution with the Parties and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(f)  persons or entities that provide litigation support services retained by a Party or a Party's Outside Counsel of Record, including but not limited to court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g)  the author, addressees, or recipients of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or who is specifically identified in the document.

7.4  Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party or Non-Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only as it is

1   permitted to disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under

2   paragraph 7.3, above, with the added restriction that any information or item designated

3   "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may not be disclosed to

4   the individuals described in paragraph 7.3(c).  A Party's Designated House Counsel may orally

5   discuss with its Experts and Outside Counsel of Record high-level summaries of information or

6   items designated by another Party as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

7   EYES ONLY" and how such information might impact this litigation in a manner that does not

8   reveal the specific information that is so designated.

9       7.5   Procedures for Approving or Objecting to Disclosure of "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

11  OUTSIDE COUNSEL'S EYES ONLY" Information or Items to Experts.

12      (a) Unless otherwise ordered by the court or agreed to in writing by the

13  Designating Party or Non-Party, if a Party seeks to disclose to an Expert (as defined in this

14  Order) any information or item that has been designated "HIGHLY CONFIDENTIAL –

15  ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) or "HIGHLY CONFIDENTIAL –

16  OUTSIDE COUNSEL'S EYES ONLY" pursuant to paragraph 7.4, then the Party seeking to

17  disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

18  CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information or items to the Expert

19  shall inform the Party or Non-Party that produced such "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

21  EYES ONLY" information or items of this fact in writing. The Party seeking to make such a

22  disclosure need not disclose the identity of the Expert, but must indicate, as appropriate, the

23  general categories of information or items that will be disclosed to the Expert.

24      (b) A Party that makes a request and provides the information specified in the

25  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

26  within 14 days of delivering the request, the Party receives a written objection from the

27  Designating Party or Non-Party. Any such objection must set forth in detail the grounds on

28  which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party or Non-Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party or Non-Party for its refusal to approve the disclosure.

In any such proceeding involving Protected Material of a Party or Non-Party, the Party or Non-Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(d) Nothing in this Section shall require that the Expert be disclosed to the Designating Party or Non-Party prior to the Court-ordered deadline for disclosure. If necessary, any motion or letter to the Court shall be redacted so as to not disclose the Expert's name to the Designating Party or Non-Party.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party or Non-Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Amended Protective Order. Such notification shall include a copy of this Stipulated Amended Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party or Non-Party whose Protected Material may be affected.[2]

If the Designating Party or Non-Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party or Non-Party's permission. The Designating Party or Non-Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Amended Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Amended Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party whose confidential information is sought pursuant to Section 9(b) fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Amended Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party or Non-Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502(d), inadvertent production of a document or information subject to a claim of attorney-client privilege, work product doctrine, or other applicable privilege or protection ("Privileged Material"), or the incidental inclusion of Privileged

Material in a production made in a manner agreed by the Parties, is not a waiver of privilege or protection from discovery in this litigation or in any other federal or state proceeding or private arbitration proceeding so long as the disclosing party takes reasonable steps to rectify the error promptly after identifying it and prior to the close of fact discovery in this litigation or otherwise complies with any agreed procedure(s) for clawing back Privileged Material.

12.   MISCELLANEOUS

      12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

      12.2   Right to Assert Other Objections. By stipulating to the entry of this Amended Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Amended Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Amended Protective Order.

      12.3   Filing Protected Material. Without written permission from the Designating Party or Non-Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.   FINAL DISPOSITION

      Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or Non-Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit

a written certification to the Producing Party or Non-Party (and, if not the same person or entity, to

the Designating Party or Non-Party) by the 60 day deadline that (1) identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

attorney work product, and consultant and expert work product, even if such materials contain

Protected Material. Any such archival copies that contain or constitute Protected Material remain

subject to this Amended Protective Order as set forth in Section 4 (DURATION).


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  December 8, 2022                    /s/ Bonnie Lau
_____
I represent that concurrence in the filing of this
document has been obtained from each of the       **Bonnie Lau** (SBN 246188)
other signatories.                                 *Attorney for Defendants Commercial Metals*
                                                   *Company; CMC Steel Fabricators, Inc.; and*
                                                   *CMC Steel US, LLC*


DATED:  December 8, 2022                    /s/ Christopher C. Wheeler
_____
                                           **Christopher C. Wheeler (**SBN 224872)
                                           *Attorney for Plaintiff Pacific Steel Group*


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____12/20/2022_____        Haywood S. Gilliam, Jr.
                                        Honorable Haywood S. Gilliam, Jr.
                                        United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Amended Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Pacific Steel Group v. Commercial Metals Company, et al.*, No. 4:20-cv-07683-HSG. I agree to comply with and to be bound by all the terms of this Stipulated Amended Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Amended Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Amended Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Amended Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____