| | |
|---|---|
| Steven Bizar (*pro hac vice*) <br> David Costigan (*pro hac vice*) <br> Agnese Nadalini (*pro hac vice*) <br> DECHERT LLP <br> 2929 Arch Street <br> Philadelphia, Pennsylvania 19104-2808 <br> Telephone:  +1 215 994 4000 <br> Facsimile:  +1 215 994 2222 <br> steven.bizar@dechert.com <br> david.costigan@dechert.com <br> agnese.adalini@dechert.com <br><br> Shari Ross-Lahlou (*pro hac vice*) <br> Nathan Richardson (*pro hac vice*) <br> DECHERT LLP <br> 1900 K Street, N.W. <br> Washington, District of Columbia 20006-1110 <br> Telephone:  +1 202 261 3300 <br> Facsimile:  +1 202 261 3333 <br> shari.lahlou@dechert.com <br> nathan.richardson@dechert.com <br><br> Joseph D. Trujillo (SBN 305170) <br> DECHERT LLP <br> One Bush Street, Suite 1600 <br> San Francisco, California 94104-4446 <br> Telephone:  +1 415 262 4500 <br> Facsimile:  +1 415 262 4555 <br> joseph.trujillo@dechert.com <br><br> Bonnie Lau (SBN 246188) <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone:  +1 415 268-7000 <br> Facsimile:  +1 415 268-7522 <br> blau@mofo.com <br><br> Attorneys for Defendants <br> COMMERCIAL METALS COMPANY; <br> CMC STEEL FABRICATORS, INC.; <br> CMC STEEL US, LLC | Benjamin D. Brown (SBN 202545) <br> Daniel McCuaig (*pro hac vice*) <br> Nathaniel Regenold (*pro hac vice*) <br> COHEN MILSTEIN SELLERS & TOLL PLLC <br> 1100 New York Ave., NW, Fifth Floor <br> Washington, DC 20005 <br> Telephone: (202) 408-4600 <br> Facsimile: (202) 408-4699 <br> bbrown@cohenmilstein.com <br> dmccuaig@cohenmilstein.com <br> nregenold@cohenmilstein.com <br><br> Christopher C. Wheeler (SBN 224872) <br> Cameron J. Gibbs (SBN 346524) <br> FARELLA BRAUN + MARTEL LLP <br> 235 Montgomery St., 17th Floor <br> San Francisco, CA 94104 <br> Telephone: (415) 954-4400 <br> Facsimile: (415) 954-4480 <br> cwheeler@fbm.com <br> cgibbs@fbm.com <br><br> Attorneys for Plaintiff <br> PACIFIC STEEL GROUP |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| PACIFIC STEEL GROUP, <br><br>             Plaintiff, <br><br> v. <br><br> COMMERCIAL METALS COMPANY; et al., <br><br>            Defendants. | Case No. 4:20-cv-07683-HSG <br><br> **JOINT STIPULATION AND ORDER AUTHENTICATING THIRD-PARTY BUSINESS RECORDS** |

**JOINT STIPULATION AND REQUEST FOR AN ORDER**

Plaintiff Pacific Steel Group ("Pacific Steel") and Defendants Commercial Metals Company, CMC Steel Fabricators, Inc., and CMC Steel US, LLC (collectively, "CMC") (Pacific Steel and CMC jointly, the "Parties"), by and through undersigned counsel, have met and conferred to identify mutually agreeable ways to streamline the issues in this litigation, particularly as they approach the close of fact discovery, motion for summary judgment deadlines, and trial. To that end, the Parties hereby stipulate and request an order as follows:

1. On March 17, 2023, the Court issued an amended scheduling order setting the close of fact discovery for July 31, 2023, dispositive motion hearing deadline for December 7, 2023, and trial for April 1, 2024. Dkt. 138.

2. During discovery in this action, the Parties have propounded document subpoenas to various third parties. In response to these subpoenas, such third parties have produced documents and data (the "Third-Party Business Records"). Neither Party currently has any reason to believe that any document or data produced by such third parties in this litigation is anything other than it appears to be, namely, an authentic Third-Party Business Record.

3. The Parties have met and conferred to identify an efficient method to authenticate and provide a foundation for the Third-Party Business Records for their possible use in this litigation, including future motion practice and trial. To that end, the Parties agree to the following:

    a. The Parties need not depose or obtain written declarations from a third party for purposes of authenticating that party's Third-Party Business Records. Rather, the Parties agree that – for purposes of this litigation, and subject to the Court's express approval – all Third-Party Business Records are authentic and qualify as business records pursuant to Federal Rule of Evidence ("FRE") 902(11) and, correspondingly, FRE 803(6)(A)-(C).

    b. Any Third-Party Business Record deemed authentic pursuant to subsection (a) above qualifies for the business records exception to the hearsay rule, FRE 803(6), unless the party opposing the admissibility of such record shows that the source of

information underlying such record or circumstances of its preparation indicate a lack of trustworthiness (as set forth in FRE 803(6)(E)).

      c.     Except for objections to the Third-Party Business Records on grounds of authenticity or as hearsay, all objections to any such record are preserved and remain available to the Parties at any subsequent stage in the litigation.  For the sake of clarity, any Third-Party Business Record that qualifies for the business record exception pursuant to subsection (b) above remains subject to any hearsay- within-hearsay objection (as set forth in FRE 805).  Likewise, other objections, such as irrelevance or that the probative value is outweighed by the potential for prejudice (as set forth in FRE 402 and 403), are preserved.

4.     Accordingly, the Parties hereby request that the Court issue the attached Proposed Order adopting the above-described stipulation to authenticate and provide a foundation for the Third-Party Business Records.

| | | |
|---|---|---|
| 1 | Dated: July 31, 2023 | Dated: July 31, 2023 |
| 2 | Respectfully submitted, | Respectfully submitted, |
| 3 | By:  /s/ Steven Bizar | By:  /s/ Benjamin D. Brown |

Steven Bizar (*pro hac vice*)
David Costigan (*pro hac vice*)
Agnese Nadalini (*pro hac vice*)
DECHERT LLP
2929 Arch Street
Philadelphia, Pennsylvania 19104-2808
Telephone:  +1 215 994 4000
Facsimile:  +1 215 994 2222
steven.bizar@dechert.com
david.costigan@dechert.com
agnese.adalini@dechert.com

Shari Ross-Lahlou (*pro hac vice*)
Nathan Richardson (*pro hac vice*)
DECHERT LLP
1900 K Street, N.W.
Washington, District of Columbia 20006-1110
Telephone:  +1 202 261 3300
Facsimile:  +1 202 261 3333
shari.lahlou@dechert.com
nathan.richardson@dechert.com

Joseph D. Trujillo (SBN 305170)
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, California 94104-4446
Telephone:  +1 415 262 4500
Facsimile:  +1 415 262 4555
joseph.trujillo@dechert.com

Bonnie Lau (SBN 246188)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  +1 415 268-7000
Facsimile:  +1 415 268-7522
blau@mofo.com

*Attorneys for Defendants*
COMMERCIAL METALS COMPANY;
CMC STEEL FABRICATORS, INC.;
CMC STEEL US, LLC

Benjamin D. Brown (SBN 202545)
Daniel McCuaig (*pro hac vice*)
Nathaniel Regenold (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bbrown@cohenmilstein.com
dmccuaig@cohenmilstein.com
nregenold@cohenmilstein.com

Christopher C. Wheeler (SBN 224872)
Cameron J. Gibbs (SBN 346524)
FARELLA BRAUN + MARTEL LLP
235 Montgomery St., 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
cgibbs@fbm.com

*Attorneys for Plaintiff*
PACIFIC STEEL GROUP

Case No. 4:20-cv-07683-HSG  - 4 -  Joint Stipulation and Order Authenticating Third-Party Business Records

**L.R. 5-1 ATTESTATION OF CONCURRENCE**

I, Steven Bizar, pursuant to Local Rule 5-1(h), hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: July 31, 2023                                        By: */s/ Steven Bizar*
                                                                             Steven Bizar

**ORDER**

Having considered the Parties' Joint Stipulation and Proposed Order Authenticating Third-Party Business Records, and good cause appearing, the Court hereby **GRANTS** the Parties' Joint Stipulation and Proposed Order. Accordingly, the Court **ORDERS** the following:

a. For purposes of this litigation, all documents and data produced by third parties in response to the subpoenas propounded in this action (the "Third-Party Business Records") are authentic and qualify as business record pursuant to Federal Rule of Evidence ("FRE") 902(11) and, correspondingly, FRE 803(6)(A)-(C).

b. Any Third-Party Business Record deemed authentic pursuant to subsection (a) of this Order may not be found inadmissible in evidence on grounds of authenticity or hearsay (except on grounds that a portion of that record contains hearsay within hearsay that is not subject to the business records exception). All other objections remain preserved.

**IT IS SO ORDERED**.

Dated: 8/1/2023

*[signature]*
Honorable Haywood S. Gilliam, Jr.
United States District Judge