Benjamin D. Brown (SBN 202545)
Daniel McCuaig (*pro hac vice*)
Nathaniel D. Regenold (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bbrown@cohenmilstein.com
dmccuaig@cohenmilstein.com
nregenold@cohenmilstein.com

Christopher C. Wheeler (SBN 224872)
Cameron J. Gibbs (SBN 346524)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
cgibbs@fbm.com

Attorneys for Plaintiff Pacific Steel Group

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

PACIFIC STEEL GROUP,

Plaintiff,

vs.

COMMERCIAL METALS COMPANY, et al.,

Defendants.

Case No. 4:20-cv-07683-HSG

**PLAINTIFF PACIFIC STEEL GROUP'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.**

The Honorable Haywood S. Gilliam, Jr.

Hearing Date: December 7, 2023
Time: 2:00 p.m.
Courtroom: 2, 4th Floor

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
Case No. 4:20-cv-07683-HSG

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .......... 1

BACKGROUND .......... 2

A. Mr. Griswold's educational background and experience. .......... 2

B. Mr. Griswold's [REDACTED] .......... 3

C. Mr. Griswold's opinions [REDACTED] .......... 3

LEGAL STANDARD .......... 6

ARGUMENT .......... 6

I. MR. GRISWOLD IS QUALIFIED TO OFFER OPINIONS [REDACTED] .......... 6

II. CMC'S [REDACTED] .......... 9

III. CMC IS NOT ENTITLED [REDACTED] .......... 11

CONCLUSION .......... 13

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
Case No. 4:20-cv-07683-HSG

i

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Alaska Rent-A-Car, inc. v. Avis Budget Grp., Inc.*,
738 F.3d 960 (9th Cir. 2013)........................................6

*Bitton v. Int'l Transp., Inc.*,
437 F.2d 817 (9th Cir. 1970)........................................7

*Donahoe v. Arpaio*,
2013 WL 5604349 (D. Ariz. Oct. 11, 2013)........................................9

*E.L.A.C. v. Hospital Hermanos Melendez, Inc.*,
17 F. Supp. 3d 158 (D. Puerto Rico 2014)........................................9

*Exeltis USA Inc. v. First Databank, Inc.*,
2020 WL 7025089 (N.D. Cal. Nov. 30, 2020)........................................6, 8

*Hangarter v. Provident Life and Accident Ins. Comp.*,
373 F.3d 998 (9th Cir. 2004)........................................6

*Jarzyna v. Home Props., L.P.*,
201 F. Supp. 3d 650 (E.D. Pa. 2016)........................................10, 11

*Just Enters., Inc. v. (888) Just., Inc.*,
2008 WL 2625520 (W.D. Mo. Apr. 21, 2008)........................................9, 10

*Lewis v. City of Chicago*,
2005 WL 8178978 (N.D. Ill. June 27, 2005)........................................9

*Lippe v. Bairnco Corp.*,
288 B.R. 678 (S.D.N.Y. 2003)........................................9, 10

*Longoria v. Kodiak Concepts LLC*,
2021 WL 1100373 (D. Ariz. Mar. 23, 2021)........................................6

*McDevitt v. Guenther*,
522 F. Supp. 2d 1272 (D. Haw. 2007)........................................9

*Resilient Floor Covering Pension Fund v. Michael's Floor Covering, Inc.*,
2012 WL 3062294 (N.D. Cal. July 26, 2012)........................................12

*In re Toy Asbestos*,
2021 WL 1167638 (N.D. Cal. Mar. 26, 2021)........................................6

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
Case No. 4:20-cv-07683-HSG

ii

*United Food & Com. Workers Loc. 1776 & Participating Emps. Health and Welfare Fund v. Teikoku Pharma USA*, 296 F. Supp. 3d 1142 (N.D. Cal. 2017) ....................8

*United States v. Abonce–Barrera*, 257 F.3d 959 (9th Cir. 2001)....................2,9

*United States v. Garcia*, 7 F.3d 885 (9th Cir. 1993)....................1,7

*United States v. Kelley*, 6 F. Supp. 2d 1168 (D. Kan.1998) ....................9

**FEDERAL RULE**

Federal Rule of Evidence 702 .................... *passim*

**OTHER AUTHORITY**

4 Weinstein's Federal Evidence § 702.06[8] (1997) ....................9

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
Case No. 4:20-cv-07683-HSG

iii

**INTRODUCTION**

Pacific Steel Group's ("Pacific Steel") environmental expert, Theodore Griswold, principally opines [redacted] *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993). And, as a matter of fact, [redacted].

[1] *See, e.g.*, Declaration of Joseph D. Trujillo in Support of Defendants' Motion to Exclude Expert Testimony of Theodore Griswold Exs. 1 ("Griswold Report") & 2 ("Griswold Reply Report"). [redacted] *See* Griswold Reply Report ¶ 10. [redacted]

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
Case No. 4:20-cv-07683-HSG
1

CMC also argues that because [REDACTED] *See United States v. Abonce–Barrera*, 257 F.3d 959, 965 (9th Cir. 2001) ("[E]vidence of bias goes toward the credibility of a witness, not his competency to testify . . . ."). Moreover, CMC fails to explain [REDACTED]

Finally, CMC seeks [REDACTED] That argument is factually baseless; CMC has failed to identify [REDACTED]

**BACKGROUND**

**A. Mr. Griswold's educational background and experience.**

Mr. Griswold has [REDACTED]

---

[2] Griswold Report ¶ 6.
[3] *Id.* ¶¶ 6-8; *id.* at 38-42 (CV).
[4] *Id.* ¶ 8.

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
Case No. 4:20-cv-07683-HSG

2

[redacted][5] [redacted][6] [redacted].[7]

**B. Mr. Griswold's [redacted]**

Mr. Griswold [redacted][8] [redacted] [redacted].[10] [redacted][11] [redacted][12]

[redacted][13] [redacted][14]

**C. Mr. Griswold's opinions [redacted]**

[redacted][15] [redacted]

---

[5] *Id.* at 38 (CV).
[6] Griswold Reply Report ¶ 74.
[7] Trujillo Decl. Ex. 3 at 11:5-16.
[8] Willis Decl. Ex. 1 at 25:6-10.
[9] *Id.* at 94:8-20.
[10] *Id.* at 25:16-26:1.
[11] *Id.* at 25:16-26:1; 32:10-13; 94:17-20.
[12] *Id.* at 27:15-21.
[13] Trujillo Decl. Ex. 3 at 91:12-16.
[14] Willis Decl. Ex. 1 at 102:13-24.
[15] Dkt. 40 at 15-16; Dkt. 79 at 11.

[16] Dkt. 167 at 22-23.

[17] Griswold Report ¶ 95; *see also id.* ¶ 101

[18] Griswold Reply Report ¶ 2; *see also* Griswold Report at 28 (Figure 1)

[19] Griswold Report at 31 (Figure 3).

[20] *Id.* ¶ 65.

[21] Griswold Reply Report ¶¶ 11-34.

[22] *Id.* ¶¶ 17-23, 34.

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
Case No. 4:20-cv-07683-HSG
4

[Text redacted]

---

[23] *Id.* ¶¶ 24-27, 31.
[24] *Id.* ¶¶ 35-45.
[25] *Id.* ¶ 45.
[26] *Id.* ¶¶ 59-62.
[27] *Id.* ¶¶ 8, 50.

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE   5
EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
Case No. 4:20-cv-07683-HSG

[REDACTED].[28]

## LEGAL STANDARD

Under the Federal Rules of Evidence, "[a] witness who is qualified as an expert by knowledge, skill experience, training, or education may testify in the form of an opinion" where:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In other words, "expert testimony is admissible . . . if the expert is qualified and if the testimony is both relevant and reliable." *In re Toy Asbestos*, 2021 WL 1167638, at *2 (N.D. Cal. Mar. 26, 2021). In deciding whether to admit expert testimony, "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car, inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013).

## ARGUMENT

### I. MR. GRISWOLD IS QUALIFIED TO [REDACTED]

Federal Rule of Evidence 702 "contemplates a broad conception of expert qualifications." *See Hangarter v. Provident Life and Accident Ins. Comp.*, 373 F.3d 998, 1015 (9th Cir. 2004). "As such, only a 'minimal foundation of knowledge, skill, and experience' is required." *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 7025089, at *4 (N.D. Cal. Nov. 30, 2020) (quoting *Hangarter*, 373 F.3d at 1016). "Years of relevant experience can establish the necessary 'minimal foundation.'" *Longoria v. Kodiak Concepts LLC*, 2021 WL 1100373, at *2 (D. Ariz. Mar. 23, 2021).

[REDACTED] *See* Fed. R. Evid. 702

[28] *Id.* ¶ 62.

advisory committee's note to 2000 amendments. ("In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony."). [redacted]

Nevertheless, CMC argues [redacted][29] That argument ignores the rule in the Ninth Circuit that any "lack of particularized expertise goes to the weight accorded [an expert's] testimony, not to the admissibility of [their] opinion as an expert." *Garcia*, 7 F.3d at 890. Put another way, Rule 702 not require an individual to have direct, hands-on experience with a particularized *application* of expertise in order to be qualified as an expert. Rather, experts are permitted to—and often do—apply their generalized expertise to specific areas. *See, e.g., Bitton v. Int'l Transp., Inc.*, 437 F.2d 817, 822 (9th Cir. 1970) (affirming denial of motion to exclude where the expert "lacked training and experience in the particulars mentioned, [but] there was reason to believe that his general scientific skills and techniques were sufficient to enable him to reach reliable conclusions" offered as expert opinions); *Garcia*, 7 F.3d at 885, 889-890 (rejecting argument that expert was unqualified to testify regarding whether minor abuse victim would suffer emotional trauma from testifying in the courtroom in the presence of the defendant where she had "experience treating sexually abused children in her capacity as a

---

[29] No steel mill has been built in California in over 25 years. Carried to its logical conclusion, [redacted]

children's mental health specialist" but "admitted during cross-examination that she was not an expert on the trauma a child would face from testifying in court or testifying on a two-way closed circuit TV"); *Exeltis USA Inc.*, 2020 WL 7025089 at *4 (where expert sought to offer an opinion regarding claims adjudication, denying motion to exclude where expert "does not appear to have worked directly with the claims adjudication systems outside of Medi-Cal"; "Defendant is free to explore the limitation of [expert]'s experience, and thus his opinions, during cross examination. And the jury may decide what, if any, weight to give his conclusions at that time.").

[redacted][30] [redacted]

[redacted] *United Food & Com. Workers Loc. 1776 & Participating Emps. Health and Welfare Fund v. Teikoku Pharma USA*, 296 F. Supp. 3d 1142, 1181 (N.D. Cal. 2017) (denying motion to exclude expert testimony because, in part, "[expert] reviewed and relied on documents produced in

[30] Griswold Report ¶¶ 6-9.

this case, depositions taken in this case, as well as publicly available documents."); *Lewis v. City of Chicago*, 2005 WL 8178978, at *6 (N.D. Ill. June 27, 2005) ("An expert may rely on evidence in the record to form the basis of his opinion if the evidence is of the type reasonably relied on by experts in his field.").

**II. CMC'S**

CMC

"An expert's bias or credibility is an issue for jury and not an appropriate factor on which the Court may decide whether to admit an expert's testimony." *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1295 (D. Haw. 2007); *see also United States v. Abonce-Barrera*, 257 F.3d 959, 965 (9th Cir. 2001) ("evidence of bias goes toward the credibility of a witness, not his competency to testify, and credibility is an issue for the jury."). As a result, "[a]n expert witness's bias goes to the weight, not the admissibility of the testimony, and should be brought out on cross-examination." *United States v. Kelley*, 6 F. Supp. 2d 1168, 1183 (D. Kan.1998) (quoting 4 Weinstein's Federal Evidence § 702.06[8], p. 702–45 (1997)); *see also E.L.A.C. v. Hospital Hermanos Melendez, Inc.*, 17 F. Supp. 3d 158, 159-60 (D. Puerto Rico 2014) (denying motion to exclude expert witness testimony "[b]ecause [the expert's] affiliation [with plaintiff's law firm] c[ould] be sufficiently revealed . . . through direct and cross examination); *Donahoe v. Arpaio*, 2013 WL 5604349, at *10 (D. Ariz. Oct. 11, 2013). Indeed, CMC's own authorities support this well-established principle. *See, e.g., Just Enters., Inc. v. (888) Just., Inc.*, 2008 WL 2625520, at *5 (W.D. Mo. Apr. 21, 2008) ("[T]he lack of bias is not required for expert testimony to be admissible."); *Lippe v. Bairnco Corp.*, 288 B.R. 678, 688 (S.D.N.Y. 2003) (same). There simply is

Furthermore, CMC has not identified any meaningful bias.

None of the cases relied on by CMC are factually analogous to the circumstances presented here, as each case involved a party's *litigation counsel* seeking to provide expert testimony in that party's favor. The expert in *Lippe*, 288 B.R. 678, was counsel to plaintiffs in the litigation and, as such, "he carried on the traditional functions of a lawyer-advocate—developing arguments and theories, anticipating and preparing responses to defendants' defenses, and preparing lines of cross examination" such that "plaintiffs envisioned that he would be giving, in essence, a summation from the witness stand." *Id*. at 688. Similarly, the expert in *Just Enters., Inc.*, 2008 WL 2625520, "actually recommended filing the lawsuit" (*id*. at *2) and "agreed that he is really the lead counsel for plaintiff" (*id*.); accordingly, "[h]e functioned not just as an expert witness providing information, but he carried on the traditional functions of a lawyer-advocate by developing arguments and theories, anticipating and preparing responses to defendant's defenses, and preparing motions and responses." *Id*. at *5. The expert in *Jarzyna v. Home Props., L.P.*, 201 F. Supp. 3d 650 (E.D. Pa. 2016), was "co-counsel for Plaintiff and the proposed class in this matter,

having entered his appearance" (*id*. at 659), implicating a Pennsylvania Rule of Professional Conduct that "prohibits an attorney from acting as a witness in a proceeding in which the attorney is acting as an advocate." *Id*. at 660. [redacted]

**III. CMC IS NOT ENTITLED [redacted]**

CMC argues [redacted] To begin, this argument is not even close to ripe. [redacted]

31 [redacted]

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
11
Case No. 4:20-cv-07683-HSG

[redacted][32]

CMC's own authority recognizes that a waiver requires "disclosing privileged communications to third parties" or "disclos[ing] otherwise protected documents to a third party and thereby enables an adversary to gain access to the information." *Resilient Floor Covering Pension Fund v. Michael's Floor Covering, Inc.*, 2012 WL 3062294, at *5-6 (N.D. Cal. July 26, 2012). Pacific Steel has done neither. As summarized above, [redacted][33] [redacted]

[32] Willis Decl. Ex. 3 ¶ 4. [redacted]

[33] Of course, [redacted]

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
Case No. 4:20-cv-07683-HSG
12

## CONCLUSION

CMC does not challenge the relevance or substance of *any* of Mr. Griswold's opinions. Its qualification, bias, and waiver arguments are all meritless. CMC's motion should be denied.

By: */s/ Christopher C. Wheeler*
Christopher C. Wheeler (SBN 224872)
Cameron J. Gibbs (SBN 346524)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
cgibbs@fbm.com

Benjamin D. Brown (SBN 202545)
Daniel McCuaig (*pro hac vice*)
Nathaniel D. Regenold (*pro hac vice*)
COHEN MILSTEIN SELLERS
    & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bbrown@cohenmilstein.com
dmccuaig@cohenmilstein.com
ndregenold@cohenmilstein.com

*Attorneys for Plaintiff Pacific Steel Group*

39522\16484836.7

OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF THEODORE GRISWOLD, M.S., J.D.
Case No. 4:20-cv-07683-HSG

13