| | |
|---|---|
| STEVEN BIZAR (*pro hac vice*) <br> AGNESE NADALINI (*pro hac vice*) <br> DAVID COSTIGAN (*pro hac vice*) <br> DECHERT LLP <br> 2929 Arch Street <br> Philadelphia, PA 19104 <br> Telephone: 215.994.4000 <br> Facsimile: 215.994.2222 <br> Email: steven.bizar@dechert.com <br> Email: agnese.nadalini@dechert.com <br> Email: david.costigan@dechert.com <br><br> SHARI ROSS LAHLOU (*pro hac vice*) <br> NATHAN RICHARDSON (*pro hac vice*) <br> DECHERT LLP <br> 1900 K Street, NW <br> Washington, DC 20006 <br> Telephone: 202.261.3300 <br> Facsimile: 202.261.3333 <br> Email: shari.lahlou@dechert.com <br> Email: nathan.richardson@dechert.com | JOSEPH TRUJILLO (SBN 305170) <br> DECHERT LLP <br> One Bush Street, Suite 1600 <br> San Francisco, California 94104 <br> Telephone: 415.262.4500 <br> Facsimile: 415.262.4555 <br> Email: joseph.trujillo@dechert.com <br><br> BONNIE LAU (SBN 246188) <br> DAVID E. GROTHOUSE (SBN 338805) <br> MORRISON & FOERSTER LLP <br> 425 Market Street, <br> San Francisco, California 94105-2482 <br> Telephone: 415.268.7000 <br> Facsimile: 415.268.7522 <br> Email: BLau@mofo.com <br> Email: DGrothouse@mofo.com <br><br> *Attorneys for Defendants* <br> *COMMERCIAL METALS COMPANY;* <br> *CMC REBAR WEST;* <br> *CMC STEEL US, LLC* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PACIFIC STEEL GROUP, <br><br> Plaintiff, <br><br> v. <br><br> COMMERCIAL METALS COMPANY, *et al.*, <br><br> Defendants. | Case No. 4:20-cv-07683-HSG <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE OPINIONS OF GILBERT HUTTON** <br><br> Judge: Hon. Haywood S. Gilliam, Jr. <br> Date: December 7, 2023 <br> Time: 2:00 p.m. <br> Courtroom: 2, 4th Floor |

# **TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD .......................................................................................................... 5

ARGUMENT ....................................................................................................................... 6

    I.    Mr. Hutton's Lay Opinion Regarding the Likelihood of Cobbling Is Based on His Personal Knowledge of Traditional Minimills and Continuous-Continuous Micromills and Should Not Be Excluded. ............................................................... 6

    II.   Mr. Hutton's Opinions Regarding the ▮▮▮▮▮▮▮▮▮▮ Should Not Be Excluded. .............................................. 10

    III.  Mr. Hutton's Opinions Are Not Offered As Expert Testimony ..................... 12

CONCLUSION .................................................................................................................. 14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Caruso v. Solorio*,
  No. 1:15-CV-780, 2021 WL 22498 (E.D. Cal. Jan. 4, 2021) .................................................. 14

*Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*,
  No. CV 08-8525, 2010 WL 2035800 (C.D. Cal. May 19, 2010) .................................... 10, 12

*Eco Elec. Sys., LLC v. Reliaguard, Inc.*,
  No. C 20-00444, 2022 WL 1157481 (N.D. Cal. Apr. 19, 2022) ............................................ 14

*In re Google AdWords Litig.*,
  No. 5:08-CV-3369, 2012 WL 28068 (N.D. Cal. Jan. 5, 2012) .......................................... 6, 13

*Los Angeles Times Commc'ns, LLC v. Dep't of Army*,
  442 F. Supp. 2d 880 (C.D. Cal. 2006) ........................................................................ 6, 8, 9, 13

*Malave v. City of Los Angeles*,
  No. CV-13-04057, 2018 WL 5928142 (C.D. Cal. Apr. 23, 2018) ......................................... 10

*Open Text S.A. v. Box, Inc.*,
  No. 13-CV-04910, 2015 WL 393858 (N.D. Cal. Jan. 29, 2015) .............................................. 9

*Plexxikon Inc. v. Novartis Pharms. Corp.*,
  No. 17-CV-04405, 2021 WL 2808971 (N.D. Cal. July 6, 2021) ............................... 5, 7, 9, 11

*Pulaski & Middleman, LLC v. Google, Inc.*,
  802 F.3d 979 (9th Cir. 2015) ..................................................................................................... 6

*Siebert v. Gene Sec. Network, Inc*,
  75 F. Supp. 3d 1108 (N.D. Cal. 2014) ............................................................................... 8, 13

*Sportspower Ltd. V. Crowntec Fitness Mfg. Ltd.*,
  No. 8:17-CV-02032, 2020 WL 7347860 (C.D. Cal. Nov. 18, 2020) ....................................... 8

*United States v. Brody*,
  No. 3:22-CR-00168, 2023 WL 2541118 (N.D. Cal. Mar. 16, 2023) ..................................... 13

*United States v. Jayyousi*,
  657 F.3d 1085 (11th Cir. 2011) .............................................................................................. 11

*United States v. Lloyd*,
  807 F.3d 1128 (9th Cir. 2015) .................................................................................................. 5

*United States v. Moore*,
  825 F. App'x 453 (9th Cir. 2020) ............................................................................................. 5

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Other Authorities**

Fed. R. Evid. 701 ................................................................................................................... *passim*

Fed. R. Evid. 702 ................................................................................................................... *passim*

Defendants Commercial Metals Company; CMC Rebar West; and CMC Steel US LLC (together, "CMC") respectfully submit this memorandum in opposition to Pacific Steel Group's ("PSG") motion to exclude certain lay opinions offered by Gilbert Hutton.

**INTRODUCTION**

Defendants submitted a Declaration from Gilbert Hutton ("Mr. Hutton's Declaration"), the Director of Operations for two of CMC's three operational rebar micromills, setting forth Mr. Hutton's lay opinions relating to facts pertinent to this litigation.[1] Mr. Hutton's Declaration discusses his extensive background as a steelmaker, and describes various types of rebar mills, their operation and costs, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[2] CMC presented Mr. Hutton for deposition on October 13, 2023, and he testified extensively about his work experience and the background and grounds for the lay opinions set forth in his Declaration.[3]

In response, PSG moves to exclude what amounts to two discrete opinions contained in Mr. Hutton's Declaration.[4] PSG claims Mr. Hutton's opinion in Paragraph 30 of his Declaration must be excluded because it is not based on his personal experience, or alternatively, because it "requires specialized knowledge." Mot. at 7. Likewise, PSG claims Mr. Hutton's opinions in Paragraphs 44 and 45 must be excluded because they "are not based on his personal knowledge" or, alternatively, do not satisfy the requirements for expert testimony under Fed. R. Evid. 702. Mot. at 8.

PSG's arguments are entirely misguided. PSG's arguments rest on a misrepresentation of Mr. Hutton's testimony to argue that he "conceded" that he lacks personal knowledge as to his opinions or "claimed" his lay opinion testimony was properly expert testimony. Mot. at 1, 3.

---

[1] The Third Amended Scheduling Order (Dkt. No. 147) did not provide a deadline for the disclosure of lay opinions. CMC submitted Mr. Hutton's Declaration Disclosing Lay Opinions on September 22, 2023, the date specified for the submission of opening expert reports.
[2] *See generally* Ex. 1, Sept. 22, 2023 Declaration of Gilbert Hutton Disclosing Lay Opinions ["Hutton Decl."]. Unless otherwise specified, all citations to "Ex. #" refer to the accompanying Declaration of Joseph Trujillo in support of Defendants' Opposition to PSG's Motion to Exclude.
[3] *See generally* Ex. 2, Transcript of Oct. 20, 2023 Deposition of Gilbert Hutton ["Hutton Tr."].
[4] *See* Plaintiff's Motion to Exclude Opinions of Gilbert Hutton ("Motion"), Dkt. No. 157.

Notwithstanding PSG's efforts to muddy the waters, a review of Mr. Hutton's Declaration and deposition testimony confirms that his opinions comprise proper lay testimony by an informed witness that satisfies the requirements of Fed. R. Evid. 701. Each opinion that PSG targets is based on Mr. Hutton's extensive experience and personal knowledge of steel rebar manufacturing and will help the jury understand disputed issues. The Court should deny PSG's motion.

## BACKGROUND

As PSG admits, Mr. Hutton possesses a degree in applied metallurgy and nearly four decades of experience working in the steel industry, with a focus on steel and steel rebar manufacturing. Mot. at 1. PSG also acknowledges that Mr. Hutton ▮▮▮▮▮▮▮▮▮▮" *Id.* This is true, albeit an understatement: Mr. Hutton is one of very few people in the world responsible for the overall operations of steel rebar micromills—mills, plural. Ex. 1, Hutton Decl. ¶ 12.

Mr. Hutton's broad experience in the steel rebar manufacturing process encompasses operations and equipment at both micromills and minimills. His knowledge ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1, Hutton Decl. ¶ 7; Ex. 2, Hutton Tr. 33:1-10. Since then, Mr. Hutton has worked in a number of different roles ▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1, Hutton Decl. ¶¶ 7, 9, 11. He currently ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 1, Hutton Decl. ¶ 12; Ex. 2, Hutton Tr. 44:15-47:16. And Mr. Hutton has also worked ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 1, Hutton Decl. ¶ 8; Ex. 2, Hutton Tr. 68:17-69:1. In 2018, he was hand-selected to oversee ▮▮▮▮▮▮▮▮▮▮▮▮▮▮[5] *See* Ex. 1, Hutton Decl. ¶ 10; Ex. 2, Hutton Tr. 38:1-18; Ex. 4,

---

[5] This was roughly equivalent to the position held by PSG's Mark Olson during Gerdau's ownership of the mill. *See, e.g.,* Ex. 2, Hutton Tr. 39:6-8; Ex. 3, Aug. 7, 2023 Declaration of M. Olson ["Olson Decl."] ¶ 4.

1  Transcript of May 23, 2023 Deposition of Barbara Smith at 140:10-12 ("█████
2  ████████████████████████████████████████████████████████████████████"). As
3  could be expected given his work experience, Mr. Hutton's knowledge covers the full scope of the
4  rebar manufacturing process, from scrap to finished product, whether manufactured in a minimill
5  or a micromill.[6] In short, contrary to PSG's assertions, Mr. Hutton's qualifications to offer lay
6  opinions on any facet of steel mill operations are anything but "dubious." Mot. at 1.

   The impressive scope of personal knowledge that Mr. Hutton has derived from his decades
of experience allows him to present testimony on a broad number of topics relating to rebar mills
and their manufacturing processes. Recognizing this, PSG does not challenge the vast majority
Mr. Hutton's lay opinions covering mill-related topics, including:

- ████████████████████████████████ (see Ex. 1, Hutton Decl. ¶¶ 14-16; Ex. 2, Hutton Tr. 57:11-58:21 ██████████████████████████████);
- ██████████████████████████████████ (see Ex. 1, Hutton Decl. ¶¶ 17-23; Ex. 2, Hutton Tr. at 264:22-266:3; 302:1-11 ████████████████████████████████████);
- ████████████████████████████████████████████ (see Ex. 1, Hutton Decl. ¶¶ 16, 37-43, 46-54; Ex. 2, Hutton Tr. at 66:15-20 ██████████████████████████████████);
- ██████████████████████████████ (see Ex. 1, Hutton Decl. ¶¶ 31-36; Ex. 2, Hutton Tr. 152:15-20 ████████████████████████████████████████████████████████████; or
- █████████████████████████████ (see Ex. 1, Hutton Decl. ¶¶ 55-56).

---

[6] See, e.g., Ex. 2, Hutton Tr. 32:10-18; id. at 36:5-17; id. at 37:14-24 ████████████████████████████████████████████████████████████ id. at 38:12-18 ████████████████████████████████████████

DEFENDANTS' OPPOSITION TO MOTION TO
EXCLUDE OPINIONS OF GILBERT HUTTON        3
CASE NO.: 4:20-CV-07683-HSG

1  For example, PSG does not challenge Mr. Hutton's assertion that ████████

2  ████████████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████" by welding

4  together billets "into one long, continuous billet," which is then "fed into the rolling mill." Ex. 1,

5  Hutton Decl. ¶ 16. Nor does PSG seek to exclude or limit Mr. Hutton's testimony regarding

6  ████████████████████████████████████████████████████████████████████████

7  ████████████████████████ *See* Ex. 1, Hutton Decl. ¶ 16; Ex. 2, Hutton Tr. 153:16-154:4

8  ████████████████████████████████████████████████████████████████████████

9  ████████████████.

10  Despite the remarkable breadth of Mr. Hutton's experience, PSG attacks portions of his

11  testimony as either lacking in necessary foundational personal knowledge or proper only as expert,

12  not lay, testimony. PSG takes a halfhearted swipe at Mr. Hutton's overall experience, seeking to

13  cabin his long experience in steel mill operations by referencing his deep experience with melting

14  operations within those mills, as if such experience were somehow disqualifying.[7] But more

15  specifically, PSG seeks to cabin his knowledge ██████████████████████████

16  ████████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████ Mot. at 2-5. As a backstop, PSG re-frames

19  Mr. Hutton's opinions as ostensibly requiring expertise in statistical methodologies or modeling

20  under Rule 702, rather than a grounding in Mr. Hutton's own personal knowledge of rebar

21  manufacturing and CMC's business. Mot. at 1, 7.

---

[7] Mot. at 1-2. PSG's assertion that ████████████████████████████████████████
████████████████████████████████████████████ For example, PSG has put forward one of its
executives with no experience working in a micromill as a Rule 702 expert witness in micromills,
████████████████████████████████████████████████████████████████ *See* Ex. 3, Olson
Decl. at ¶ 5. And PSG seeks to offer putative expert opinions from its CEO, Eric Benson,
regarding ████████████████████████████████████████████████████████████████
*See* Ex. 5, Aug. 7, 2023 Declaration of Eric Benson at ¶ 12; Ex. 6, Transcript of Sept. 13, 2023
Deposition of Eric Benson at 27:15-28:18; 144:23-145:6; 155:23-156:12. Their opinions do not
qualify as expert opinions and CMC has moved to exclude them. *See* Dkt. No. 163.

1    Although PSG's Motion targets three of the 56 paragraphs in Mr. Hutton's Declaration,
2 even that challenge is overbroad, as PSG fails to identify more than snippets from within those
3 paragraphs as supposedly unfounded lay testimony.  Indeed, PSG's Motion takes issue with a single
4 sentence in each of Paragraphs 30 ███████████████████████████████████
5 ████████████████████████████████████████████████████████████████████
6 ████████████████████████████████████████████████████████████████████
7 ████████████████████████████████████████████████████████████████████
8 ████████████████████████████████████████████████████████████████████
9 ██████████████████ of the Declaration.  Mot. at 2, 4.  Nonetheless, PSG asks the Court to
10 exclude all of Mr. Hutton's opinions in each paragraph.  Thus, along with its other failings, PSG's
11 Motion is overbroad.

## LEGAL STANDARD

Federal Rule of Evidence 701 permits lay testimony, so long as it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  "A lay witness's opinion testimony necessarily draws on the witness's own understanding, including a wealth of personal information, experience, and education, that cannot be placed before the jury."  *United States v. Moore*, 825 F. App'x 453, 456 (9th Cir. 2020) (citation omitted); *see also United States v. Lloyd*, 807 F.3d 1128, 1154 (9th Cir. 2015) (citation omitted).  Courts routinely permit business owners and corporate officers to offer lay testimony based on "the particularized knowledge that the witness has by virtue of his or her position in the business."  Fed. R. Evid. 701, advisory committee's note to 2000 amendment.  Such particularized knowledge can include knowledge of the company's operations and practices.  *See, e.g.*, *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405, 2021 WL 2808971, at *2 (N.D. Cal. July 6, 2021) (Gilliam, J.) (quotation and citation omitted) (allowing lay testimony "based on the particularized knowledge that the witness has by virtue of his or her position in the business").  "[L]ay witnesses can testify to inferences or opinions that are drawn from a series of personal observations over time" and may "testify to opinions based on a combination of their

1  personal observations regarding the incident in question and their specialized knowledge obtained

2  through their vocation." *Los Angeles Times Commc'ns, LLC v. Dep't of Army*, 442 F. Supp. 2d

3  880, 887 (C.D. Cal. 2006) (citing *U.S. v. Holmes*, 229 F.3d 782, 788–89 (9th Cir.2000) and *U.S. v.*

4  *Crawford*, 239 F.3d 1086, 1090–91 (9th Cir.2001)).  Furthermore, courts have admitted fact and

5  opinion testimony offered by lay witnesses on a wide range of "technical" and "specialized"

6  subjects without considering those witnesses to be "experts" under Federal Rule of Evidence 702.

7  *In re Google AdWords Litig.*, No. 5:08-CV-3369, 2012 WL 28068, at *3-4 (N.D. Cal. Jan. 5, 2012),

8  rev'd and remanded on other grounds sub nom. *Pulaski & Middleman, LLC v. Google, Inc.*, 802

9  F.3d 979 (9th Cir. 2015) (collecting cases).

## ARGUMENT

**I.  Mr. Hutton's Lay Opinion Regarding the Likelihood of Cobbling Is Based on His Personal Knowledge of Traditional Minimills and Continuous-Continuous Micromills and Should Not Be Excluded.**

PSG takes issue with a single sentence in Paragraph 30 of Mr. Hutton's Declaration: "█████████████████████████████████████████████████████████████████████████████████"[8] Mot. at 3; Ex. 1, Hutton Decl. ¶ 30.  As described by Mr. Hutton (and accepted by PSG), a "cobble" is the industry term given to a rebar manufacturing mishap that typically occurs ███████████████████████████████████████████████████████████████████████████████████████████  *See* Ex. 1, Hutton Decl. ¶¶ 27-29.  PSG claims that because Mr. Hutton himself has not operated a mill with a billet welder he lacks the experience to offer this lay opinion.  Mot. at 2-3.  PSG also takes issue with the fact that Mr. Hutton ██████████████████████████████████████████████ Mot. at 7.

Mr. Hutton's opinion is straightforward and conceptual: █████████████████████████████████████████████████████████████████████████████████████████████████ Other than misleadingly referring to this conceptual opinion as a "buttress," rather than a discrete point, PSG makes no effort to address it directly.  Mot.

---

[8] PSG does not address the remaining sentences in Paragraph 30.

DEFENDANTS' OPPOSITION TO MOTION TO
EXCLUDE OPINIONS OF GILBERT HUTTON                6
CASE NO.: 4:20-cv-07683-HSG

1  at 4. Instead, PSG attacks Mr. Hutton's basis for the opinion by claiming he lacks sufficient
2  personal knowledge to issue it.
3      It is worth noting that the opinions that PSG does *not* attack adequately establish the
4  foundation of Mr. Hutton's knowledge underlying his opinion in Paragraph 30. PSG cannot deny
5  that Mr. Hutton has ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. 1, Hutton Decl. ¶¶ 10-12; Ex. 2,
8  Hutton Tr. at 74:20-75:14. Nor can PSG escape Mr. Hutton's unchallenged explanation of how
9  billet welders operate in traditional rebar mills. *See* Ex. 1, Hutton Decl. ¶ 16; *see also* Ex. 2, Hutton
10 Tr. 64:12-68:16; 151:5-152:1. For example, in his Declaration, Mr. Hutton points out that ▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 1, Hutton Decl. ¶ 16.[9] Another unchallenged
14 paragraph in his Declaration further observes, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 1, Hutton Decl. ¶ 28. Nor does PSG challenge Mr.
16 Hutton's other opinions that demonstrate his knowledge of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
17 (*see* Ex. 1, Hutton Decl. ¶¶ 14-16, 27-29, 31-36) all of which are "based on the particularized
18 knowledge" that Mr. Hutton has amassed "by virtue of his … position in the business." *Plexxikon*,
19 2021 WL 2808971, at *2.
20      As for the sole opinion in Paragraph 30 that PSG does challenge, Mr. Hutton has
21 demonstrated, both in his Declaration and through his deposition testimony, substantial
22 particularized knowledge forming the basis of that particular opinion, notwithstanding the fact ▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25 ▓▓ *See, e.g.*, Ex. 2, Hutton Tr. 66:15-68:3; 68:17-69:1. Mr. Hutton testified in detail ▓▓
26 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
27 ─────────
   [9] Mr. Hutton also explained at his deposition ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 2, Hutton Tr. 65:3-17; 66:15-20.

1 ▮
2 ▮
3 ▮
4 ▮
5 ▮
6 ▮
7 ▮
8 ▮
9 ▮
10 ▮

Ex. 2, Hutton Tr. 66:21-67:18 (emphases added).[10]

Even if Mr. Hutton had to infer that conceptual opinion from his baseline knowledge of ▮ such an inference would still properly fall within his "personal knowledge" as required by Rule 701. "[L]ay witnesses can testify to inferences or opinions that are drawn from a series of personal observations over time" and may "testify to opinions based on a combination of their personal observations … and their specialized knowledge obtained through their vocation." *Los Angeles Times*, 442 F. Supp. 2d at 887 (citations omitted) (collecting cases, and denying motion in limine as to a witness with "twenty-four years' experience" and a leadership role who possessed "sufficient personal knowledge" to give lay testimony encompassing a broad range of subjects, some requiring inference); *Sportspower Ltd. V. Crowntec Fitness Mfg. Ltd.*, No. 8:17-CV-02032, 2020 WL 7347860, at *1 (C.D. Cal. Nov. 18, 2020) (citation omitted) (allowing lay witnesses with extensive experience in the trampoline business to testify that a hypothetical trampoline made with thicker tubing would be stronger and thus would be more likely to satisfy the relevant safety standards); *Siebert v. Gene Sec. Network, Inc*, 75 F. Supp. 3d 1108, 1114–15 (N.D. Cal. 2014) (holding that witness's opinions about the application and certification process

---

[10] *See also* Ex. 2, Hutton Tr. 190:5-10 ▮

1  for grants at the National Institute of Health satisfied the requirements of Rule 701 despite no
2  involvement in the specific applications at issue).

3        In its Motion, PSG also mischaracterizes the basis of Mr. Hutton's opinion by falsely
4  claiming that he ███████████████████████████████████████
5  ███████████████ Mot. at 3-4.  This is a red herring: nowhere does Mr. Hutton's Declaration
6  ███████████████ PSG again stoops to misrepresentation by cherry picking portions of Mr.
7  Hutton's deposition testimony.  As Mr. Hutton explained during his deposition, █████████
8  ████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████
10 █████████████████ He only referenced █████████████████████
11 ████████████████████████████████████████ *See* Ex. 2, Hutton
12 Tr. 188:20-189:6.  This too, demonstrates knowledge Mr. Hutton acquired by virtue of his position
13 at CMC and his experience in the rebar manufacturing industry.  *See, e.g.*, *Los Angeles Times*, 442
14 F. Supp. 2d at 887; *Plexxikon*, 2021 WL 2808971, at *2.

15       To the extent PSG claims that Mr. Hutton's lay opinion requires statistical data or analysis
16 to back it up, those arguments go to the weight and not the admissibility of Mr. Hutton's opinion.
17 *Cf. Open Text S.A. v. Box, Inc.*, No. 13-CV-04910, 2015 WL 393858, at *6 (N.D. Cal. Jan. 29,
18 2015) (citation omitted) (finding that arguments as to the lack of data presented by expert witness
19 to support claims about prior infringements "go to the weight, not admissibility, like most
20 challenges to the comparability of license agreements").  PSG should raise this challenge through
21 cross-examination.  Regardless, the sentence in Paragraph 30 that PSG does challenge itself plainly
22 sets forth a conceptual opinion based on ████████████████████████
23 ████████████████████████████████████

24       Even if the Court were to agree with PSG's argument, however, PSG's demand that the
25 Court exclude Paragraph 30 in its entirety is misplaced and excessive.  PSG's challenge to Mr.
26 Hutton's opinion in Paragraph 30 is really only a challenge to one sentence, not the entire
27 paragraph.  Its request that the Court exclude Paragraph 30 in its entirety is thus overbroad.
28 "[M]otions in limine must identify the evidence at issue and state with specificity why such

1  evidence is inadmissible." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-
2  8525, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (citation omitted); *see also Malave v.
3  City of Los Angeles*, No. CV-13-04057, 2018 WL 5928142, at *5 (C.D. Cal. Apr. 23, 2018)
4  (rejecting motion in limine where the motion did "not specifically identify the evidence it wishes
5  to exclude"). Accordingly, even if the Court were to agree with this aspect of PSG's motion, it
6  should exclude only the specific sentence in Paragraph 30 identified by PSG's Motion, not the
7  entire paragraph.

8  **II.     Mr. Hutton's Opinions Regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**
9         **▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Should Not Be Excluded.**

10         PSG also asks the Court to exclude Mr. Hutton's opinions in Paragraphs 44 and 45 of his
11  Declaration, citing a sentence from each paragraph that PSG claims is "not based on [Mr.
12  Hutton's] personal knowledge." Mot. at 8. Specifically, PSG seeks exclusion of the full
13  paragraphs because it claims ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mot. at 4, 8.
17         PSG bases this argument on Mr. Hutton's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* PSG goes so far as to claim that Mr. Hutton "candidly
22  acknowledged" that his opinions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mot. at 4. PSG neglects to mention that
24  Mr. Hutton testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[11]
26  *See* Ex. 2, Hutton Tr. 231:19-232:12:

---

[11] *See* Ex. 2, Hutton Tr. 37:14-24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 44:1-9
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ▮▮▮
2  ▮▮▮
3  ▮▮▮
4  ▮▮▮
5  ▮▮▮
6  ▮▮▮

Moreover, at his deposition Mr. Hutton made it clear that ▮▮▮ ▮▮▮ *See* Ex. 2, Hutton Tr. 15:20-16:10 ▮▮▮ *id.* at 16:23-17:2 ▮▮▮ *id.* at 30:4-12 ▮▮▮ *id.* at 236:20-237:10 ▮▮▮ ▮▮▮ (emphases added).

Likewise, the text message exchange that PSG claims is the basis for Mr. Hutton's opinions makes clear that Mr. Hutton ▮▮▮ ▮▮▮ *See* Ex. 7, CMC_0000493243 ▮▮▮ ▮▮▮

The fact that Mr. Hutton sought mere confirmation of information that he clearly already possessed does not remove that information from his own "particularized knowledge" earned "by virtue of his … position" at CMC and therefore a proper subject for lay opinion testimony. *See, e.g.*, *Plexxikon*, 2021 WL 2808971, at *2. *See also United States v. Jayyousi*, 657 F.3d 1085, 1102 (11th Cir. 2011) (holding an FBI agent could offer lay testimony based on review of documents and stating, "[w]e have allowed a lay witness to base his opinion testimony on his examination of documents even when the witness was not involved in the activity about which he testified").

Further, PSG once again demands the Court exclude the entirety of Paragraphs 44 and 45, despite only objecting to partial sentences within those paragraphs. Wholly aside from being baseless given that the lay opinion at issue is based on Mr. Hutton's personal knowledge, PSG's

DEFENDANTS' OPPOSITION TO MOTION TO
EXCLUDE OPINIONS OF GILBERT HUTTON          11
CASE NO.: 4:20-CV-07683-HSG

1  request is overbroad, as it fails to "identify the evidence at issue and state with specificity why such
2  evidence is inadmissible." *Colton Crane*, 2010 WL 2035800, at *1. Mr. Hutton's testimony amply
3  demonstrates that he had a strong independent sense that ████████████████████████████
4  ████████████████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████ Thus, there is no basis to exclude any of Mr. Hutton's
6  opinions on this topic.

7  **III.    Mr. Hutton's Opinions Are Not Offered As Expert Testimony.**

8        PSG's Motion argues in the alternative that "Mr. Hutton's opinions are not admissible as
9  expert testimony" and attacks his qualifications as a putative expert witness. *See* Mot. at 1, 8. PSG
10 may as well have skipped setting up that particular straw man. Although—given the depth and
11 breadth of his professional experience—Mr. Hutton would easily meet PSG's apparent
12 understanding of the threshold requirements for an expert witness,[12] his testimony is based on his
13 personal vocational knowledge and perceptions, which is why CMC has not proposed to offer him
14 as an expert witness. Rather, Mr. Hutton's proposed testimony is offered purely as lay testimony
15 under Fed. R. Evid. 701. Indeed, at his deposition, Mr. Hutton repeatedly ████████████████
16 ████████████████.[13]

17       Undeterred, PSG stoops to putting words in Mr. Hutton's mouth, stating he "claimed" his
18 opinion in Paragraph 30 of his Declaration ████████████████████████████████████████
19 ████████"[14] Mot. at 3. But Mr. Hutton "claimed" nothing of the sort; he simply █████████
20 ████████████████████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████"[15] Mr. Hutton

---

[12] *See* footnote 7, above.
[13] *See* Ex. 2, Hutton Tr. 26:20-23 ████████████████████████████████████████ *Id.* at 51:11-17
████████████████████████████████████████████████████████████████████████████████
[14] Paragraph 30 contains Mr. Hutton's lay opinion as ███████████████████████████████
*See* Ex. 1, Hutton Decl. ¶ 30; Part I, above.
[15] ████████████████████████████████████████████████████████████████████████████

is not a lawyer, nor is he familiar with the Federal Rules of Evidence or the terms of art employed by lawyers. PSG's attempt to twist his testimony into some kind of admission that Mr. Hutton's opinion falls under Rule 702 amounts to clumsy sophistry, nothing more. *See Siebert*, 75 F. Supp. 3d at 1114–15 (citation omitted) (rejecting argument that a lay witness "should have testified as an expert" because of a "response to a deposition question indicating that her testimony might fall under Rule 702," finding that the testimony was proper lay testimony, and stating "[w]hether [the witness] is an expert is a question of law for the Court, not an issue of fact for the witness"). Mr. Hutton offers his opinions as lay testimony premised on his special vocational knowledge and his thorough understanding of the technical issues concomitant with running a steel mill. It is entirely proper for a lay witness to "testify to opinions based on a combination of their personal observations regarding the incident in question and their specialized knowledge obtained through their vocation." *Los Angeles Times*, 442 F. Supp. 2d at 887 (citing *U.S. v. Crawford*, 239 F.3d 1086, 1090–91 (9th Cir.2001)).

Moreover, "just because the underlying facts and data are technical in nature does not transform the information into 'expert testimony' when those facts are within the personal knowledge and experience of the company's employee." *In re Google AdWords Litig*, 2012 WL 28068, at *5; *see also United States v. Brody*, No. 3:22-CR-00168, 2023 WL 2541118, at *3 (N.D. Cal. Mar. 16, 2023) (holding that a lay witness can testify as to "their personal knowledge and positions in the day-to-day affairs of a business without being qualified as an expert and running afoul of Rule 701's bar of lay testimony 'based on scientific, technical or other specialized knowledge' even where the testimony concerned trade secrets, computer forensics, and other technical information") (quoting *USA v. Chen*, No. 17-CR-00603, 2021 WL 2662116, at *9 (N.D. Cal. June 29, 2021)); *Siebert*, 75 F. Supp. 3d at 1114 (citation omitted) (stating where "a witness is testifying as to institutional operations and practices based on personal knowledge that the witness has accrued over the course of several years of employment, the witness is providing lay testimony not subject to Rule 702").

▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2, Hutton Tr. 27:11-28:8. ▮▮▮▮▮▮▮▮▮▮
*Id.* at 28:20-29:13.

DEFENDANTS' OPPOSITION TO MOTION TO
EXCLUDE OPINIONS OF GILBERT HUTTON                13
CASE NO.: 4:20-CV-07683-HSG

1    In addition, PSG mischaracterizes the conceptual, knowledge-based lay opinion in Paragraph 30 of Mr. Hutton's Declaration by recasting it as a statistical conclusion ███████████ ███████████ ███████████ ."[16] Mot. at 7. But, as previously discussed, Mr. Hutton's observation was not, as PSG claims, quantitative. It was conceptual and based on personal knowledge derived from decades of steel industry experience and an understanding of how rebar mill equipment is intended to work. The conceptual observation that ███████████ ███████████ ███████████ does not require specialized knowledge or statistical analysis. It is based on Mr. Hutton's personal knowledge and amounts to a basic comparison—"a process of reasoning that is familiar in everyday life" and therefore proper lay witness testimony. *See, e.g.*, *Caruso v. Solorio*, No. 1:15-CV-780, 2021 WL 22498, at *17 (E.D. Cal. Jan. 4, 2021); *see also Eco Elec. Sys., LLC v. Reliaguard, Inc.*, No. C 20-00444, 2022 WL 1157481, at *6 (N.D. Cal. Apr. 19, 2022) (calling it "ridiculous" for party to suggest a witness's lay opinion regarding the installation of equipment with which he was very familiar "is inadmissible because it is based on technical or specialized knowledge").

PSG also argues that Mr. Hutton's opinions in Paragraphs 44 and 45 of his report "are not admissible as expert testimony" because he lacks sufficient expertise regarding ███████ ███████. Mot. at 8. This is another red herring; again, Mr. Hutton offers only lay opinions. ███ assertion as to Mr. Hutton's qualifications to opine on the subject is also misleading; as discussed above in Part II, Mr. Hutton possesses more than sufficient particularized knowledge to issue the lay opinions in Paragraphs 44 and 45 and demonstrated as much during his deposition.

## CONCLUSION

For the reasons cited above, the Court should deny Plaintiff's motion.

---

[16] *See* Part I, above.


1 | Dated: November 16, 2023

By: */s/ Steven Bizar*
Steven Bizar (*pro hac vice*)
Agnese Nadalini (*pro hac vice*)
David Costigan (*pro hac vice*)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2808

Shari Ross Lahlou (pro hac vice)
Nathan Richardson (pro hac vice)
1900 K Street, NW
Washington, DC 20006-1110

Joseph D. Trujillo (SBN 305170)
One Bush Street, Suite 1600
San Francisco, California 94104-4446

By: */s/ Bonnie Lau*
Bonnie Lau (SBN 246188)
David E. Grothouse (SBN 338805)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482

*Attorneys for Defendants*
COMMERCIAL METALS COMPANY;
CMC REBAR WEST;
CMC STEEL US, LLC

**ECF ATTESTATION**

I, Bonnie Lau, am the ECF User whose ID and password are being used to file this **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE OPINIONS OF GILBERT HUTTON**. In accordance with Civil Local Rule 5-1, concurrence in the filing of this document has been obtained from each of the other signatories, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: November 16, 2023

MORRISON & FOERSTER LLP

By: /s/ *Bonnie Lau*
Bonnie Lau