UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>COMMERCIAL METALS COMPANY, et al.,<br><br>    Defendants. | Case No. 20-cv-07683-HSG<br><br>**ORDER GRANTING PARTIES' REVISED JOINT OMNIBUS ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 359 |

In light of the parties' voluminous administrative motions to seal, the Court ordered the parties to meet and confer and file a single administrative motion to seal and proposed order that consolidated all pending motions to seal. *See* Dkt. No. 286. Parties submitted their omnibus motion. *See* Dkt. No. 289. Upon review of the parties' filing, the Court determined that their sealing request was not narrowly tailored and ordered parties to file a "revised omnibus sealing order that ha[d] more narrowly tailored requests for sealing/redactions." Dkt. No. 353. The parties filed a revised omnibus motion to seal which is now pending before the Court. Dkt. No. 359. ("Revised Omnibus Motion"). For the reasons stated below, the Court GRANTS the Revised Omnibus Motion.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this

1   strong presumption, the party seeking to seal a judicial record attached to a dispositive motion
2   must "articulate compelling reasons supported by specific factual findings that outweigh the
3   general history of access and the public policies favoring disclosure, such as the public interest in
4   28 understanding the judicial process" and "significant public events." *Id*. at 1178–79. "In
5   general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify
6   sealing court records exist when such 'court files might have become a vehicle for improper
7   purposes,' such as the use of records to gratify private spite, promote public scandal, circulate
8   libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Comm'ns,
9   Inc*., 435 U.S. 589, 598 (1978)). However, documents attached to non-dispositive motions are not
10  subject to the same strong presumption of access. See *id*. Because such records "are often
11  unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal
12  must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id*. at 1179–
13  80 (quotations omitted). This requires only a "particularized showing" that "specific prejudice or
14  harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors
15  Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations
16  of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman
17  Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).
18      Because the documents are connected to the cross motions for summary judgment, which
19  are more than tangentially related to the merits of the underlying action, the Court applies the
20  "compelling reasons" standard in evaluating parties' Revised Omnibus Motion.
21  **II.  DISCUSSION**
22      The Court GRANTS the parties' Revised Omnibus Motion. The Court finds that these
23  documents contain personally and commercially sensitive information or confidential business
24  information that satisfies the compelling reasons standard and outweighs the public's interest in
25  viewing the documents. *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL
26  1951250, at *3 (N.D. Cal. May 14, 2021) (stating that "[t]his Court has found compelling reasons
27  to seal personally identifiable information"); *Hunt v. Cont'l Cas. Co.*, No. 13CV-05966, 2015 WL
28  5355398, at *3 (N.D. Cal. Sept. 14, 2015) ("Plaintiff's interest in preserving the privacy of her

sensitive mental health records constitutes a compelling reason to seal"); *Vietnam Veterans of Am. v. C.I.A.*, No. C 09-0037, 2012 WL 1094360, at *1 (N.D. Cal. Mar. 29, 2012) (sealing exhibits containing "sensitive personal information about certain individuals, including health records"); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing confidential business information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (sealing "confidential product and business information which is not intended for public disclosure").

### III. CONCLUSION

The Court GRANTS the parties' motion to seal. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the revised omnibus motion is granted will remain under seal. As previously stated, Parties' initially filed omnibus motion was overbroad and not narrowly tailored. Any documents that parties requested to be sealed in that initial omnibus motion that were not part of the more narrowly tailored request in this revised omnibus motion must be made available to the public. Accordingly, the Court DIRECTS parties to file public versions of all documents not contemplated by the revised omnibus motion on the docket no later than August 19, 2024.

**IT IS SO ORDERED.**

Dated: 8/9/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge