UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMERCIAL METALS COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-07683-HSG<br><br>**ORDER DENYING REQUEST TO STRIKE EXPERT REPORTS**<br><br>Re: Dkt. Nos. 355, 356 |

Before the Court are Defendants Commercial Metals Company and its subsidiaries' (collectively, "CMC") brief in support of striking expert reports, Dkt. No. 355, and Plaintiff Pacific Steel Group's ("Pacific Steel") brief in opposition, Dkt. No. 356. The Court **DENIES** CMC's request to strike the expert reports.

I. **BACKGROUND**

In response to a reply report Pacific Steel filed on behalf of its expert, Dr. Patrick Kennedy ("Dr. Kennedy"), CMC filed a supplemental "Declaration" of its expert, Dr. Ramsey Shehadeh ("Dr. Shehadeh"), arguing that such a response was allowed because Dr. Kennedy's reply "presented updated and wholly new calculations and methods." Dkt. 190-14, Ex. 12 at ¶ 1. Pacific Steel moved to strike Dr. Shehadeh's declaration as an expert sur-reply report filed in violation of the Court's Scheduling Order. Dkt. 205 at 3. The Court denied the motion to strike, finding that the filing of Dr. Shehadeh's declaration was substantially justified as a matter of basic fairness so that CMC could respond to the "entirely new, previously undisclosed analyses and calculations" included in Dr. Kennedy's reply report. *See* Dkt. No. 349 at 9–10. In its order, the Court also directed the parties to submit simultaneous briefs explaining why the Court should not

1   strike both the new analyses in Dr. Kennedy's reply report and Dr. Shehadeh's response.  *See id.*
2   at 10, fn. 3.  On October 11, 2024, the Court heard oral argument from the parties and took the
3   briefs under submission.  *See* Dkt. No. 426.

## II.   DISCUSSION

CMC argues that the Court should strike the new analyses in Dr. Kennedy's reply report as an improperly disclosed expert opinion, and consequently should also strike Dr. Shehadeh's response "to narrow the issues and save valuable trial time." *See* Dkt. No. 355 at 3–4.  Pacific Steel argues that striking Dr. Kennedy's opinions is unwarranted because the disclosure was harmless, even if untimely, and lesser (if any) sanctions are sufficient.  *See* Dkt. No. 356 at 2, 4.

To be clear, the Court reiterates its conclusion as reflected in its prior order that Dr. Kennedy's reply report plainly included new analyses and calculations and thus violated Rule 26. *See* Dkt. No. 349 at 9.  CMC was therefore justified in submitting Dr. Shehadeh's declaration to address the previously undisclosed analyses.  *Id.* at 10.  However, under the circumstances, the Court declines to strike Dr. Kennedy's reply opinions and Dr. Shehadeh's responsive opinions.

Rule 37 precludes a party from relying on expert testimony that was not timely disclosed under Rule 26 "unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Courts assessing the harm of a Rule 26(a) violation generally consider the following factors: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.  *Marcus v. Air & Liquid Sys. Corp.*, No. 22-CV-09058-HSG, 2024 WL 2882562, at *3 (N.D. Cal. June 7, 2024) (citing *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)).

Here, the Court finds that Plaintiff's tardy disclosure of Dr. Kennedy's reply opinions has not harmed CMC.  CMC's brief fails to identify any specific prejudice CMC has suffered or would suffer if Dr. Kennedy is allowed to testify to those opinions, arguing instead that the Court should strike Dr. Kennedy's reply opinion and Dr. Shehadeh's response to conserve judicial resources, rather than to cure any prejudice.  *See* Dkt. No. 355 at 4–5 (arguing generally that

1    "[c]ourts routinely strike similar improperly disclosed expert opinions," and that striking both
2    analyses would be "preferable to allowing both" in order to "streamline the trial").  And at the
3    hearing, CMC's counsel similarly did not articulate any actual or potential prejudice, given that
4    the Court has allowed it to present Dr. Shehadeh's responsive opinions.  *See* Dkt. No. 349 at 10.
5    As a result, notwithstanding Pacific Steel's violation, the parties are now on equal footing.
6    Further, while neither side has deposed the opposing expert on the filings at issue, and depositions
7    are not practicable at this point because trial begins in one week, these circumstances affect both
8    parties equally.  As such, permitting Dr. Kennedy to testify to the analyses in his reply report and
9    Dr. Shehadeh to testify to his responsive opinion will not meaningfully disrupt trial or harm either
10   party.  The Court therefore finds that, on balance, Pacific Steel's violation of Rule 26 does not
11   warrant striking Dr. Kennedy's reply opinions.  *See JH Kelly, LLC v. AECOM Tech. Servs., Inc.*,
12   605 F. Supp. 3d 1295, 1307 (N.D. Cal. 2022) (denying motion to exclude expert testimony after
13   finding that Rule 26 violation was "inconsequential," and because moving party "failed to
14   adequately articulate how it suffered prejudice").  The Court accordingly **DENIES** CMC's request
15   to strike Dr. Kennedy's reply report and Dr. Shehadeh's response, Dkt. No. 355.

16           Finally, while the Court does not find exclusion of Dr. Kennedy's reply report and Dr.
17   Shehadeh's response justified under Rule 37, it is still considering whether other sanctions against
18   Pacific Steel may be appropriate, including ordering Pacific Steel to reimburse CMC for the costs
19   of preparing its sur-reply.  *See* Fed. R. Civ. P. 37(c)(1) ("[i]n addition to or instead of" excluding
20   evidence a party failed to timely disclose, the court "may order payment of the reasonable
21   expenses, including attorney's fees, caused by the failure").  The Court will make that
22   determination before the conclusion of the case.

23           **IT IS SO ORDERED.**

24   Dated:   10/16/2024

25
26                                            HAYWOOD S. GILLIAM, JR.
                                              United States District Judge

3