UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>Plaintiff,<br><br>v.<br><br>COMMERCIAL METALS COMPANY, et al.,<br><br>Defendants. | Case No. 20-cv-07683-HSG<br><br>**ORDER SEALING NON-PARTY INFORMATION AT TRIAL**<br><br>Re: Dkt. Nos. 444, 445 |

Before the Court are non-party Danieli Corporation's ("Danieli") and non-party Nucor Corporation's ("Nucor") administrative motions to seal certain confidential materials Pacific Steel Group ("Plaintiff") and CMC and its subsidiaries ("Defendants") intend to use at trial, Dkt. Nos. 444 and 445. The Court heard arguments from counsel for the parties and non-parties on October 22, 2024. The Court **GRANTS** Danieli's request to seal trial exhibits TX0017, TX0053, TX0002, and TX0037. The Court will address the remaining exhibits the motions seek to seal if and when it becomes clear that the parties plan to actually introduce them at trial.

**I.   LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring

1  disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79

2  (citations, internal quotation marks, and alterations omitted).  For example, a court may order

3  sealing under the "compelling reasons" standard of confidential and proprietary business

4  information when public disclosure of such information "could result in improper use by business

5  competitors." *See Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2023 WL 2960009, at *2

6  (N.D. Cal. Mar. 15, 2023).

7        A trial "is at the heart of the interest in ensuring the public's understanding of the judicial

8  process and of significant public events." *Kamakana*, 447 F.3d at 1179 (internal quotation marks

9  omitted).  Therefore, a party seeking to seal evidence at trial must articulate "compelling reasons"

10 for doing so. *Id.*; *see also United States v. Bazaarvoice, Inc.*, No. 13-CV-00133-WHO, 2014 WL

11 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (same).

## II.   DISCUSSION

13       On the first day of trial in this case, October 21, 2024, Danieli and Nucor filed their

14 unopposed motions to seal. *See* Dkt. Nos. 444, 445.  Danieli seeks limited redaction of certain

15 information contained in 37 documents counsel for Plaintiff and Defendants have identified that

16 they intend to introduce and use at trial. *See* Dkt. No. 445 at 2.  Nucor moves to seal six

17 documents, arguing there is no practicable way to redact them. *See* Dkt. No. 444 at 7.  Given the

18 timing and the voluminousness of many of the documents, the Court has not been able to review

19 all of the redactions and documents Danieli and Nucor request to be sealed.  As such, the Court

20 will address the requests to seal on an ongoing basis in the order in which the parties plan to

21 introduce the relevant documents at trial.

22       This Order addresses the first four exhibits Plaintiff has notified the Court that it intends to

23 use at trial, which all contain sensitive third-party information.  These first four documents all

24 pertain to Danieli's requested redactions and include: 1) TX0017 (Danieli_0021701); 2) TX0053

25 (Danieli_002829); 3) TX0002 (CMC_0000008797); and 4) TX0037 (CMC-0000120783). *See*

26 Dkt. No. 447 at 6.

27       Danieli asserts that the redactions it requests "fall into two categories: (1) proprietary and

28 non-public price information and (2) proprietary and non-public highly confidential technical mill

1  design and process information that has significant economic value for Danieli." *See* Dkt. No. 444
2  at 2.  The four redactions at issue in this Order fall into the first category, as Danieli alleges they
3  all contain "commercially sensitive price information which if disclosed could reveal Danieli's
4  intellectual property and internal business processes."  *See id.* at 6, 7, 12, 13.  Danieli seeks to seal
5  the redacted figures as well as any similar information introduced at trial.  *Id.* at 6.

6        The Court finds that the portions of these documents that Danieli proposes to redact
7  contain commercially sensitive and confidential business information that satisfies the compelling
8  reasons standard and outweighs the public's interest in viewing the documents.  Danieli's
9  proposed redactions in the exhibits at issue are limited to specific and narrowly-identified
10 confidential pricing and royalty amounts.[1]  The disclosure of this non-public pricing information
11 "could reasonably place [Danieli] at a competitive disadvantage if disclosed."  *See Zeiger v.*
12 *WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021); *see also In re Elec. Arts, Inc.,* 298 F.
13 App'x 568, 569 (9th Cir. 2008) (holding that confidential pricing terms and royalty rates meet the
14 "compelling reasons" standard).  Further, Danieli did not voluntarily put this information at issue
15 in this litigation, but nonetheless has narrowly tailored its request to uphold the presumption of
16 public access to the extent possible.  *See Bazaarvoice*, 2014 WL 11297188, at *1 (N.D. Cal. Jan.
17 21, 2014).  Accordingly, the Court concludes that sealing the redacted pricing information in the
18 exhibits at issue is justified.

19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

---

[1] Danieli transmitted its proposed redactions to the Court via a file share service due to the number and size of the documents.  *See* Dkt. No. 445 at 3, fn. 2.

### III. CONCLUSION

The Court **GRANTS** Danieli's motion to seal the identified information in trial exhibits TX0017, TX0053, TX0002, and TX0037.  Only versions of these exhibits with this information redacted will be disclosed to the public at or after trial.  The Court will also seal from the public any testimony regarding the sealed information contained in these exhibits.  The Court will address any other documents Danieli or Nucor seek to seal if and when the parties confirm on a rolling basis that they intend to use them at trial.

**IT IS SO ORDERED.**

Dated: 10/23/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge