UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>COMMERCIAL METALS COMPANY, et al.,<br><br>    Defendants. | Case No. 20-cv-07683-HSG<br><br>**ORDER EXCLUDING LATE-DISCLOSED WITNESSES**<br><br>Re: Dkt. No. 440 |

Commercial Metals Company ("Defendant") seeks to call two witnesses at trial, Ed Woodrow and Mario Fabro ("the Witnesses"), who were not included in Defendant's witness disclosure list filed as part of the parties' June 2024 joint pretrial statement, Dkt. No. 343-1, but were later added to Defendant's form witness list filed on October 18, 2024, Dkt. No. 440-2. Pacific Steel Group ("Plaintiff") argues that Defendant should be barred from calling the Witnesses at trial because Defendant did not properly disclose them and allowing their testimony would be fundamentally unfair to Plaintiff. *See* Dkt. No. 441 at 4. The Court agrees that allowing the testimony of these untimely-disclosed witnesses would be prejudicial and therefore bars Defendant from calling them.

The Court's standing order requires each party to file a joint pretrial statement that contains "[a] list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal." *See* Civil Pretrial and Trial Standing Order for Cases Before District Judge Haywood S. Gilliam, Jr. ("Standing Order") ¶ 7(g). Further, the Standing Order provides that "[n]o party shall be permitted to call any witness in its case in chief who is not disclosed in its pretrial statement unless the Court grants leave for good cause." *See id.* This rule reflects the policy against unjustified "surprise tactics" that leave the other side unable to effectively prepare its case. *See Edwards*

*Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2022 WL 254348, at *7 (N.D. Cal. Jan. 27, 2022) (citing Fed. R. Civ. P. 37).

In June 2024, the parties filed their joint pretrial statement, which included each party's witness list in accordance with the Standing Order. *See* Dkt. No. 343-1 at 2–12. Plaintiff described its list as identifying "witnesses whom Pacific Steel may call at trial, either live and/or by deposition." *Id.* at 2. Defendant's list included "percipient and expert witnesses CMC may call to testify at trial," and did not name the Witnesses. *Id.* at 8. On Friday, October 18, 2024, one business day before the start of trial, the parties submitted form exhibit lists. *See* Dkt. No. 440-2; Standing Order ¶ 22. Defendant's form exhibit list included the Witnesses, and Plaintiff objected to their inclusion. *See id.* at 4, 12. The parties submitted additional briefing on the issue, *see* Dkt. Nos. 441, 443, and the Court heard argument on October 21 and October 30, 2024.

Defendant argues that even though (without dispute) it did not list the Witnesses in its pretrial exhibit list, Plaintiff still had notice that Defendant planned to call the Witnesses at trial. Defendant contends this is so because the Witnesses were included in the deposition designations the parties exchanged in April 2024 and similarly contained in the deposition designations included in the joint pretrial statement. *Id.* at 3. But deposition designations are not an adequate substitute for the clear and direct witness disclosures required by the Standing Order. The Order requires the joint pretrial statement witness list to include "all witnesses likely to be called at trial," without distinguishing between live and deposition testimony. *See* Standing Order ¶ 7(g). The admonition accompanying this provision that "[n]o party shall be permitted to call any witness in its case in chief who is not disclosed" further clarifies that the pretrial witness list should encompass all witnesses who may be called, and does not say that identifying witnesses in deposition designations satisfies the requirement.[1] Accordingly, because Defendant did not include the Witnesses in the pretrial statement witness list and only added them to the form exhibit list on the literal eve of trial, the Standing Order plainly does not permit them to be called.

Further, the Court finds that Defendant has not shown good cause to allow the Witnesses'

---

[1] Without dispute, Defendant's pretrial deposition designations include several witnesses that Defendant has never suggested it intends to call to testify at trial. *See* Dkt. No. 343-3 at 36–67.

2

testimony despite their untimely disclosure. During the hearing on this issue, Defendant's counsel maintained that before the filing of the pretrial statement, Plaintiff had represented its list would not include witnesses who would be testifying by deposition, so Defendant did not include such witnesses in its list. But even if Plaintiff did make these representations, the list Plaintiff ultimately disclosed explicitly included "witnesses whom Pacific Steel may call at trial, *either live and/or by deposition*." *See* Dkt. No. 343-1 at 2 (emphasis added). Defendant was therefore on notice that Plaintiff had disclosed its witnesses who would testify by deposition, and Defendant had ample time to seek leave to adjust its witness list accordingly, but it did not. Under these circumstances, the Court finds in its discretion that it was reasonable for Plaintiff to have prepared its case over the last several months before trial with the understanding that the Witnesses at issue would *not* be called. And given the strictly limited amount of time (20 hours) each side has to present its case, Plaintiff clearly would have had to finalize its trial time allocation before it got notice on the Friday before trial that Defendant actually planned to call the Witnesses. Allowing them to testify now when Plaintiff would have had only the weekend before trial to adjust its plans and prepare for their testimony would prejudice Plaintiff's case. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (trial court did not abuse its discretion in excluding report of defendant's expert because even though defendants previously identified expert, they failed to produce his report until one month before trial, and thus plaintiff was not able to adequately "prepare to question him at trial").

Defendant's counsel also argued at the hearing that the Witnesses did not have to be disclosed in the pretrial witness list because they are impeachment witnesses. But Defendant's other arguments and the record simply belie this representation. As the Standing Order makes clear, the disclosure requirement applies to all witnesses who will testify except those called "*solely* for impeachment or rebuttal." *See* Standing Order ¶ 7(g) (emphasis added). This is clearly not the case for these Witnesses, as Defendant is simultaneously arguing that it did timely disclose them on multiple occasions in several ways—via its initial deposition designations, the deposition designations in its pretrial statement, and its form witness list. The claim that the Witnesses are solely impeachment or rebuttal witnesses is also inconsistent with the proffered substance of their

3

testimony, which goes to matters that have been at issue for months.  *See* Dkt. Nos. 440-2 at 2, 12 (describing that testimony relates to SMS and Primetals); 311 (Defendant's motion in limine regarding SMS filed in June 2024); 363 (motion hearing held in July 2024).

The Court therefore **ORDERS** that the Witnesses, Ed Woodrow and Mario Fabro, will not be permitted to testify at trial based on Defendant's failure to comply with the Court's Standing Order or show good cause for that noncompliance.

**IT IS SO ORDERED.**

Dated:   10/31/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge