UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>COMMERCIAL METALS COMPANY, et al.,<br><br>    Defendants. | Case No. 20-cv-07683-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL ANOTHER PARTY'S MATERIAL**<br><br>Re: Dkt. Nos. 308, 314, 334, 339 |

Before the Court are four motions to consider whether another party's materials should be sealed. This includes two motions filed by Plaintiff Pacific Steel Group ("Plaintiff"), Dkt. Nos. 308 and 334, and two motions filed by Defendants Commercial Metals Company, CMC Rebar West, and CMC Steel, LLC (collectively "Defendants"), Dkt. Nos. 314 and 339. The Court GRANTS IN PART and DENIES IN PART the motions.

### I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted). For example, a court may order

1  sealing under the "compelling reasons" standard of confidential and proprietary business
2  information when public disclosure of such information "could result in improper use by business
3  competitors." *See Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2023 WL 2960009, at *2
4  (N.D. Cal. Mar. 15, 2023).

5  When a party seeks to seal a document that has been designated as confidential by another
6  party or non-party, the party filing the sealing motion need not satisfy the showing described
7  above. *See* Civ. L-R 79-5(f)(1). Instead, within seven days of the motion's filing, the designating
8  party must file a statement or declaration justifying the reasons for keeping the document or
9  information under seal. *Id.* 79-5(f)(3). A failure to file a statement or declaration may result in the
10 unsealing of the provisionally sealed material without further notice to the designating party. *Id.*

## II.  DISCUSSION

### A.  Dkt. Nos. 308 and 314

Dkt. Nos. 308 and 314 pertain to materials filed in connection with the parties' motions in limine.

Dkt. No. 308, Plaintiff's motion, seeks to file under seal certain documents designated confidential by Defendant and non-parties SMS Group, Inc. ("SMS"), and Danieli Corporation ("Danieli"). *See* Dkt. No. 308 at 3–4.

Dkt. No. 314, Defendants' motion to seal, seeks to file under seal certain documents designated confidential by Plaintiff. *See* Dkt. No. 314 at 2.

Danieli timely filed a response to Plaintiff's and Defendants' motions. *See* Dkt. No. 323. SMS also timely filed responses to both motions. *See* Dkt. Nos. 341 (SMS Statement in Response to Defendants' Motion), 342 (SMS Statement in Response to Plaintiff's Motion). Defendants did not respond to Plaintiff's motion, and Plaintiff did not respond to Defendants' motion.

Danieli requests that the three of the four documents identified by Plaintiff and Defendants be redacted because they contain Danieli's nonpublic, commercially sensitive information, including confidential contract terms and negotiations, technical steel mill specifications and operations, and business strategy. *See* Dkt. No. 323 at 4. SMS requests that all of the materials Plaintiff and Defendants identified be sealed because they contain SMS's sensitive business

1  information, including preliminary contract negotiations.  Dkt. No. 342 at 3.

2          The Court finds that the documents and information Danieli and SMS seek to seal contain the companies' commercially sensitive and confidential business information that satisfies the compelling reasons standard and outweighs the public's interest in viewing the documents.  *See Baird v. BlackRock Institutional Tr., N.A.*, 403 F.Supp.3d 765, 792 (N.D. Cal. 2019) ("[C]onfidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies the compelling reasons standard.").  The disclosure of this non-public business information "could reasonably place [Danieli and SMS] at a competitive disadvantage if disclosed."  *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing confidential business information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *see also Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (sealing "confidential product and business information which is not intended for public disclosure").  Further, neither of these third parties voluntarily put this information at issue in this litigation.  *See United States v. Bazaarvoice, Inc.*, No. 13-CV-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014).

        Accordingly, the Court **GRANTS** Dkt. Nos. 308 and 314 as to the materials identified by Danieli and SMS.  The Court **DENIES** the remainder of the motions to seal, as no other party filed a declaration or response presenting a basis for sealing any other documents or information.  *See* Civ. L.R. 79-5(f)(3) ("A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the Designating Party.").

//
//
//
//
//
//
//

**B.     Dkt. Nos. 334 and 339**

Dkt. Nos. 334 and 339 pertain to materials filed in connection with the parties' oppositions to each other's motions in limine.

Dkt. No. 334, Plaintiff's motion to seal, again seeks to file under seal certain documents or information designated confidential by Defendant, SMS, and Danieli. *See* Dkt. No. 308 at 3–4.

Danieli timely filed a response to Plaintiff's motion. *See* Dkt. No. 347. Danieli argues it has compelling reasons to seal or redact two of the three documents Plaintiff identified. *See id.* at 2. Danieli asserts that these documents similarly contain nonpublic, commercially sensitive information, including confidential contract terms and negotiations, technical steel mill specifications and operations, and business strategy. *See id.* at 4. Neither SMS nor Defendants responded to Plaintiff's motion.

Dkt. No. 339, Defendants' motion to seal, seeks to file under seal certain documents designated confidential by Plaintiff. *See* Dkt. No. 339 at 2.

SMS filed a timely response to Defendants' motion. *See* Dkt. No. 348. Again, SMS argues that one of the designated documents includes SMS's confidential preliminary contract negotiations. *Id.* at 3. No other party or non-party responded to Defendants' motion.

The Court similarly finds that the documents and information Danieli and SMS seek to seal related to Dkt. Nos. 334 and 339 should be sealed, for the same reasons as stated above. The materials Danieli and SMS identify contain the companies' commercially sensitive and confidential business information that satisfies the compelling reasons standard and outweighs the public's interest in viewing the documents.

The Court therefore **GRANTS** Dkt. Nos. 334 and 339 as to the materials specified by Danieli and SMS. The Court **DENIES** the remainder of the motions to seal because no other party filed a declaration or response to the motions requesting to seal or redact any other materials. *See* Civ. L.R. 79-5(f)(3).

**III.     CONCLUSION**

The Court **GRANTS IN PART and DENIES IN PART** the parties' requests to determine whether another party's material should be sealed, Dkt. Nos. 308, 314, 334, and 339. Sealing is

**GRANTED** as to the materials specified by non-parties Danieli and SMS in Dkt. Nos. 323, 341, 342, 347, and 348, and **DENIED** otherwise.

The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within ten days from the date of this order. Each party is responsible for submitting these conforming versions of any document that it originally filed unless the parties mutually agree on a different allocation of this work.

**IT IS SO ORDERED.**

Dated:   3/10/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge