| | |
|---|---|
| Benjamin D. Brown (SBN 202545)<br>Daniel McCuaig (*pro hac vice*)<br>Nathaniel D. Regenold (*pro hac vice*)<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>1100 New York Ave., NW, Eighth Floor<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br>bbrown@cohenmilstein.com<br>dmccuaig@cohenmilstein.com<br>nregenold@cohenmilstein.com<br><br>Christopher C. Wheeler (SBN 224872)<br>Cameron J. Gibbs (SBN 346524)<br>Michelle Kao (SBN 322758)<br>FARELLA BRAUN + MARTEL LLP<br>One Bush Street, Suite 900<br>San Francisco, California 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480<br>cwheeler@fbm.com<br>cgibbs@fbm.com<br>mkao@fbm.com | William C. Price (SBN 108542)<br>Rachael L. McCracken (SBN 252660)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br>williamprice@quinnemanuel.com<br>rachaelmccracken@quinnemanuel.com<br><br>Steig D. Olson (*pro hac vice*)<br>Nic Siebert (*pro hac vice*)<br>William Scarfone (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>295 Fifth Avenue<br>New York, NY 10016<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br>steigolson@quinnemanuel.com<br>nicolassiebert@quinnemanuel.com<br>williamscarfone@quinnemanuel.com |

Attorneys for Plaintiff Pacific Steel Group

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| PACIFIC STEEL GROUP,<br><br>        Plaintiff,<br><br>    vs.<br><br>COMMERCIAL METALS COMPANY, et al.,<br><br>        Defendants. | Case No. 4:20-cv-07683-HSG<br><br>**PACIFIC STEEL GROUP'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES PURSUANT TO 15 U.S.C. § 15(a)**<br><br>The Hon. Haywood S. Gilliam Jr.<br><br>Action Filed:   October 30, 2020<br>Trial Date:     October 21, 2024<br>Verdict Date:  November 5, 2024 |

PACIFIC STEEL'S REPLY ISO MOTION FOR
ATTORNEY'S FEES - Case No. 4:20-cv-07683-HSG

Commercial Metals Company ("CMC") has submitted a notice of "non-opposition" to Pacific Steel's Motion for Attorney's Fees Pursuant to 15 U.S.C. § 15(a) and has specifically not opposed the "the amount of attorney's fees requested," Dkt. 552 at 2. Accordingly, Pacific Steel respectfully requests that the Court grant the motion and enter the proposed order. *See* Dkt 548.

Purely in an abundance of caution, Pacific Steel briefly addresses below certain of the gratuitous potshots CMC wove into its notice of non-opposition.

*First*, CMC vaguely suggests, without support, that "the number of timekeepers" who worked on this litigation for Pacific Steel over the nearly five years it has been pending was excessive. That is baseless. The detailed timekeeper summaries submitted by Pacific Steel with its motion demonstrate that the vast majority (over 80%) of attorney time was billed by the core attorneys leading this case for their respective firms.[1] That 40-some attorneys, paralegals, and other professionals (including several with trial expertise) supported this core attorney group over the course of *nearly five years* of litigation, up to and through the conclusion of a major antitrust trial, is neither surprising nor remarkable. *See In re Auto. Refinishing Paint Antitrust Litig.*, 2008 WL 63269, at *5 (E.D. Pa. Jan. 3, 2008) (noting that "most antitrust cases" are "exceedingly complex, expensive, and lengthy"). Furthermore, as attested by Pacific Steel's Executive Vice President and General Counsel, Pacific Steel (with no guarantee of success) monitored and paid Pacific Steel's Counsels' monthly bills and found "them to be reasonable and within Pacific Steel's anticipated litigation budget for th[e] case," Dkt. 548-5 (Perkins Decl.) ¶ 8, thus confirming Pacific Steel's Counsels' efficiency. And the results achieved speak for themselves.

*Second*, CMC insinuates that Pacific Steel did not provide its timekeeper reports to CMC at an appropriate level of detail. *See* Dkt. 552 at 2. Not so. As Pacific Steel noted in its motion but CMC ignores, the Civil Local Rules expressly provide that a motion for attorney's fees must be supported only by declarations containing "[a] statement of the services rendered by each person for whose

---

[1] *See* Dkt. 548-1 (McCuaig Decl.) ¶¶ 10-11, 13-14, 16-17, 19-20, 22-23, 25-27, 29, 31, 33, 35, 37, 40-41, 43-44, 46-47, 49-50, 52-53, 55-56, 58-59, 61-62, 64-65, 67-68, 70-71, 73-74, 76-77, 79-80-82, 84, 86, 88, 90, 92, 94, 96, 98, 100; Dkt. 548-2 (Wheeler Decl.) ¶¶ 28-59; Dkt. 548-3 (Olson Decl.) ¶¶ 10-11, 13-14, 16-17, 19-20, 22-23, 25-26, 28-29, 31-33, 35, 37, 39, 41, 43, 45, 47.

PACIFIC STEEL'S REPLY ISO MOTION FOR ATTORNEY'S FEES - Case No. 4:20-cv-07683-HSG     1

services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained." Civil L.R. 54-5(b)(2). *See, e.g.*, *Forkum v. Co-Operative Adjustment Bureau, Inc.*, 2014 WL 3827955, at *2 (N.D. Cal. Aug. 4, 2014) (granting motion for attorney's fees after reviewing attorney declarations). Pacific Steel fully complied with this requirement, and the information provided was more than enough for CMC to recognize that it had no grounds to oppose Pacific Steel's fee request.

*Finally*, to the extent CMC seeks under the guise of its "non-opposition" a ruling that Pacific Steel "not be permitted to collect any attorney's fees or costs until resolution of any and all appeals," Dkt. 552 at 2, CMC misunderstands the law. To the extent CMC seeks relief from its obligation to post a "supersedeas bond" to stay the execution of the judgment, *see* Fed. R. Civ. P. 62(b), CMC must "objectively demonstrate the reasons for departing from the usual requirement of a full supersedeas bond," *Clark v. Hidden Valley Lake Ass'n*, 2018 WL 2412136, at *1 (N.D. Cal. May 29, 2018) (quoting *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012)). CMC has not made this demonstration or even tried.

In light of the foregoing, and for the reasons stated in Pacific Steel's motion for attorney's fees, Pacific Steel respectfully requests that the Court award Pacific Steel its requested attorney's fees of $19,016,423.96 at this time, with any further fees incurred in connection with post-trial motions and other post-trial proceedings, including appeals, to be addressed once this matter is fully and finally resolved. *See* Dkt. 548 at 3 n.2.

| | | |
|---|---|---|
| Dated: March 17, 2025 | By: | _/s/ Christopher C. Wheeler_ |

Christopher C. Wheeler (SBN 224872)
Cameron J. Gibbs (SBN 346524)
Michelle Kao (SBN 322758)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cwheeler@fbm.com
cgibbs@fbm.com
mkao@fbm.com

Benjamin D. Brown (SBN 202545)
Daniel McCuaig (*pro hac vice*)
Nathaniel D. Regenold (*pro hac vice*)
COHEN MILSTEIN SELLERS
    & TOLL PLLC
1100 New York Ave. NW, Eighth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bbrown@cohenmilstein.com
dmccuaig@cohenmilstein.com
nregenold@cohenmilstein.com

William C. Price (SBN 108542)
Rachael L. McCracken (SBN 252660)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
williamprice@quinnemanuel.com
rachaelmccracken@quinnemanuel.com

Steig D. Olson (*pro hac vice*)
Nic Siebert (*pro hac vice*)
William Scarfone (*pro hac vice*)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
steigolson@quinnemanuel.com
nicolassiebert@quinnemanuel.com
williamscarfone@quinnemanuel.com

*Attorneys for Plaintiff Pacific Steel Group*

**ECF ATTESTATION**

I, Christopher C. Wheeler, am the ECF User whose ID and password are being used to file the PACIFIC STEEL GROUP'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES PURSUANT TO 15 U.S.C. § 15(a). In accordance with Civil Local Rule 5-1, concurrence in the filing of this document has been obtained from each of the other signatories, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated:  March 17, 2025                     Farella Braun + Martel LLP

                                            By:    */s/ Christopher C. Wheeler*
                                                   Christoher C. Wheeler

                                            Attorneys for Plaintiff Pacific Steel Group